## BOLDT *v.* NEW YORK CENTRAL RAILROAD COMPANY.

A laborer employed to gravel a new and unfinished railroad track, upon which no train had run, and who was walking upon it towards the place where he was to commence his day's work, was overtaken and injured by a passenger train using the new track in consequence of a temporary obstruction upon the old track of the same corporation, which was parallel and about six feet distant: *Held*, that he could maintain no action against the common employer for the injury received from the negligence of those engaged in running the train.

APPEAL from the Supreme Court. Action for damages incurred by the plaintiff from the alleged negligence of the defendant's servants in running a locomotive upon him. Upon the trial it appeared that the defendant was engaged in the construction of a new track parallel to· and about six feet distant from its old track, which was then in use. At the time of the accident the new track had not been completed, and no trains had run upon it, except some conveying gravel for ballasting. The plaintiff was a laborer who had been employed about a month, under the direction of an agent of the defendant, in graveling and leveling the new track, being hired for this purpose only. He was walking, early in the morning, from his residence along the new track to the place where he· was to work, when he was overtaken and struck down by a train of passenger cars, running upon the new track in consequence of the old track being obstructed by an engine disabled upon it from an accident in the previous night. The defendant moved for a nonsuit, which was refused and an exception taken. The plaintiff had a verdict and judgment, which having been affirmed at general term in the eighth district, the defendant appealed to this court.

*Henry W. Rogers,* for the appellant.

*Albert Sawin,* for the respondent.

Boldt *v.* The New York Central Railroad Company.

JOHNSON, Ch. J. The general rule that an employer is not responsible to one employee for injury occasioned by another employee, engaged in the same general undertaking, is firmly settled in this state. (*Sherman* v. *Rochester and Syracuse Railroad Company*, 17 *N. Y.*, 153 ; *Russell* v. *Hudson River Railroad Company*, *id.*, 134, *and cases there cited.*) The plaintiff was employed to labor in graveling and ballasting a new track, which was on the same road-bed with and about six feet distant from the old track, and was injured by a train of cars of the defendants running on the new track, on which no train of cars had before been run. The plaintiff who suffered and the persons who caused the injury were in the service of one employer — the railroad company — the plaintiff in preparing a track and the others in running trains, but both in the common enterprise of maintaining and operating the railroad. If the plaintiff had been engaged in repairing the old track and the injury had occurred to him while digging gravel for that purpose, on the site of the new track, by the cars being thrown from the track and falling upon him, his case could not in principle have been distinguished from that of a switch tender or other person employed in the company's service about the track, and injured in such service. Nor can I conceive that a different principle would apply in case the same accident occurred while the injured person was employed in preparing a new track on the site of the gravel pit, instead of digging gravel to repair the old track. In each case the liability to injury would be incident to the employment. In accepting service on such a new track, in the case supposed, he must be taken to have known that his employers were engaged in running cars on the old track, and that he was therefore to incur such hazard as might be occasioned by the negligence of their employees. So in the case at bar, he must be taken to have contracted with reference to the possibility of cars being run on the

new track, whenever it became so nearly finished as to render such running practicable.

When the plaintiff was injured he was walking on the new track from his house to his work. But he was in the defendants' employment and doing that which was essential to enabling him to discharge his particular duty, viz., going to the spot where it was to be performed, and he was moreover going on the track where, except as the servant of the company, he had no right to be. He was there as the employee of the company, and because he was such an employee. Upon this point as well as upon the other, *Gillshanon* v. *Stoney Brook Railroad Company* (10 *Cush.*, 228), and the cases before cited, lead to the result that the recovery was not warranted by law.

COMSTOCK, J., did not sit in the case, all the other judges concurring,

Judgment reversed and new trial ordered.