60    171
208   205

## Andrew Ryan

*v.*

## The Chicago & Northwestern Railway Company.

1. RAILROADS—*liability of a railroad company for injuries received by an employee, through the negligence of a co-employee.* In an action against a railroad company to recover for injuries to the plaintiff, occasioned by the alleged negligence of the defendants, it appeared the plaintiff was employed by the company as a common laborer at their carpenter shop, and, after his day's work was done, in going from the shop to his home, while crossing the defendants' track, was struck by one of their engines: *Held,* the employment of those in charge of the engine, and the plaintiff as a laborer in the carpenter shop, was so dissimilar and separate the one from the other that the plaintiff should not be held responsible for the negligence of the former. The doctrine that an action will not lie by a servant against a railroad company for an injury sustained through the default of a fellow servant, did not apply. In such a case, the company should be held responsible for gross negligence of the servant who caused the injury.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

172          RYAN *v.* C. & N. W. R. W. Co.          [Sept. T.,

Opinion of the Court.

Messrs. FULLER & SMITH, for the appellant.

Mr. B. C. COOK, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by appellant, in the Superior Court of Chicago, against appellees, to recover for injuries received by being struck by one of the engines of the company. Appellant was employed by the company as a common laborer at their carpenter shop in Chicago. And on the 22d day of February, 1868, after the six o'clock whistle had sounded to release the hands from labor, appellant started for his home. He, in going there, crossed appellees' railway tracks, and in doing so, was struck by one of their engines and severely injured. Appellant testifies that on approaching the track, he looked along it in both directions, and no engine was in sight, and the engine which struck him came upon him from the opposite side of the tank house on a curve on the main track; that no bell was ringing or whistle sounding, and the engine ran at an unusual rate of speed.

On the other side, witnesses swore that the bell was ringing, the engine was moving at a rate of speed not exceeding five miles an hour, and that the track was straight, and the engine could be seen at least two hundred feet in the direction from which it came. Each party prepared and asked instructions, which the court refused to give, but, on his own motion, gave this:

" If the plaintiff was in the service of defendants, and his route to and from his work was over the tracks of the defendants' railway, then the law is established in this State that he took upon himself the risk of being hurt by passing engines on such tracks, and the defendants are not liable to him for any injury that he received from such an engine, whether it was run negligently or not, and the verdict should be for the defendants."

The giving of which is assigned for error.

This instruction took from the jury all question of negligence, and only left to their consideration the fact whether or not he was in the employment of the railroad company.

In *Chicago & Alton Railroad Co.* v. *Keefe*, 47 Ill. 110, we said, "That the duties of an employee of a railway company may be so entirely distinct from all occupation upon its trains as to leave him at liberty to pursue the same legal remedies for injuries received while a passenger, may very probably be true. If, for example, a bookkeeper in a railway office should be injured, while traveling as a passenger, through the carelessness of the engineer, the reasons upon which the rule above referred to are founded, might well be held to have no application. But the employment of the person injured can not be considered distinct, in any sense, leading to this result, *if of a character* to make him a part of the force employed upon the train. If his duties attach him to the train as a part of its personal equipment, then his branch of service is not independent, in any such sense, as to exempt him from the general rule in regard to co-employees, in case he should be injured through the carelessness of the engineeer.        *        *        *

*        *        * In the case before us, the plaintiff was a part of the working force of a construction train, and had been for some weeks passing with it to and fro, and, although his duties were distinct from those of the engineer, yet they were fellow-servants of the company, and both engaged *in the same general duty*, to wit: the operating a construction train, though each worked in his own department."

In the case of *The Chicago & Northwestern Railroad Co.* v. *Swett*, 45 Ill. 197, we held that the doctrine that an action would not lie by a servant against a railroad company for an injury sustained through the default of another servant, applies only to cases where the injury complained of occurs without the fault of the company, either in the act which caused the injury or the employment of the person who caused it. Again, in the case of *The Schooner Norway* v. *Jensen*, 52 Ill. 373, it was held that a master is responsible to his servant

174          RYAN v. C. & N. W. R. W. Co.          [Sept. T.,

Opinion of the Court.

for an injury received from defects in the structure or machinery about which his services are rendered, which the master knew or should have known. And the *Illinois Central Railroad Co.* v. *Welch*, 52 Ill. 183, announces the same rule. In this last case it was said that a person engaging in such a service assumes the ordinary perils of railroad life, and the special dangers peculiar to the condition of the road, so far as he is aware of their existence, and his exposure to them would be his voluntary act.

In the case of *Illinois Central Railroad Co.* v. *Jewell*, 46 Ill. 99, it was said, where the engine driver was a reckless and wild runner, which was known to the company, that the company were liable for injuries resulting therefrom to a fellow-servant. From these decisions it will be seen that the rule that a servant can not recover against a railroad company, for injuries, has its exceptions. And those exceptions depend upon the negligence of the master in furnishing insufficient structures or machinery with which the servant is required to perform his duties, or in employing incompetent servants with whom the servant is associated in the discharge of his duties. Or where a servant is employed in a different department of the general service from that of those whose negligence produced the injury, as was said in the case of *The Chicago & Alton Railroad Co.* v. *Keefe, supra.* And the same principle is announced in the case of *Lalor* v. *Chicago, Burlington & Quincy Railroad Co.* 52 Ill. 401. Thus, it is seen, the rule is not inflexible and without exception.

No employee of the road could have been farther removed from those who produced the injury, than appellant. He was in nowise connected with those who had control of the engine. He was engaged in a different department of the business of the company; as wholly disconnected with the business of operating the engines and trains as was any mechanic or laborer in the city. It is true he was employed and paid by the same company, but otherwise a stranger to the engineers' department. The reason of the rule, when it is applicable, is,

that each servant engaged in the same department of business, for the safety of all, shall be interested in securing a faithful and prudent discharge of duty by his fellow-servants, or that they shall report to the master any delinquencies of those engaged with them in the performance of duty. But the reason does not, nor can it, apply where one servant is employed in a separate and disconnected branch of the business from that of another servant. A person employed in the carpenter shop can not be required to know of the negligence of those entrusted with running trains or handling engines on the road. And hence the reason of the rule fails.

The employment of the engine driver, and appellant as a laborer in the carpenter shop, is so dissimilar and separate from each other, that appellant should not be held responsible for the negligence of the former. In such a case, the company should be held liable for gross negligence of the servant who causes the injury. But the instruction in this case took that question entirely from the jury, and should not have been given. It entirely ignored the exception to the rule.

There was evidence which was conflicting on the question of gross negligence, and it was the province of the jury, and not of the court, to pass upon it and say which position should be regarded.

For this error, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*