KATE L. ROSS, ADMINISTRATRIX, ETC., RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Negligence of co-employes — liability of principal for — Co-employes — who are.*

The plaintiff was an employe of the defendant in the capacity of surveyor, and was injured through the negligence of the conductor on one of defendant's trains, on which he was being transported, free of charge, from Medina, where he lived, to Jordan, where he was at work. *Held* (1), that there being no evidence that the conductor was an incompetent person for his place, or of neglect on defendant's part in employing him, the plaintiff could not recover against the defendant damages for his injuries; (2), that the plaintiff was a co-employe with the conductor, within the rule exempting the master from responsibility to one servant for injury sustained by him arising from the negligence of another.

The doctrine held in some States, that a railroad company is liable to a servant for an injury occasioned by the negligence of another servant when the duties of the latter, in connection with which the injury happened, were not in common nor in the same department with those of the injured servant, and when the negligence of the injured servant did not contribute to the injury, rejected.

APPEAL from a judgment against defendant, and from an order of the Orleans County Special Term, denying defendant's motion for a new trial.

The action was brought to recover, under the statute, for the negligent killing of Coral E. Ross, the husband of Kate L. Ross, the plaintiff, who sued as administratrix, etc., of the deceased.

It is alleged in the complaint, that at and prior to the killing, the said Coral E. Ross " was in the employ of the defendant as an assistant surveyor or chainman ; and that it was not his business to assist in the running of the defendant's trains, the care of defendant's tracks, depots or cars."

The complaint further alleged, " that on the 10th day of March, 1873, while engaged in said business and acting under defendant's instructions, and in its care, he (the deceased), at the village of Lyons, attempted to get upon a passenger car of the defendant for the purpose of traveling eastward to the village of Jordan, thence to prosecute the business of an assistant surveyor, aforesaid," and

that the defendant ran a locomotive engine, with a train of cars thereto attached, against said Coral E. Ross and killed him.

The defendant's answer charges that said killing was caused by the negligence of said Coral E. Ross, and denies that his death was by reason of any fault, omission of duty or negligence whatever, on the part of the defendant, its agents or servants, except the fault or carelessness of the said Coral E. Ross.

At the close of the evidence on the part of the plaintiff, the defendant's counsel moved for a nonsuit on the grounds :

First. That there was no negligence on the part of the defendant, as shown by the testimony given on behalf of the plaintiff, and that the negligence of the plaintiff's intestate contributed to this injury.

Second. That if there was any negligence causing this injury, it was the negligence of a co-employe of plaintiff's intestate, and that therefore this action could not be maintained.

The motion was denied by the court, and an exception duly taken.

The motion for a nonsuit was renewed at the close of all the testimony, upon the same grounds as before stated, and upon the further ground, " that no liability in law is established against this defendant." This motion was also denied, to which decision the defendant's counsel duly excepted.

A motion for a new trial, on a case and exceptions, was made by the defendant at Special Term, and was denied.

*A. P. Laning,* for the appellant. The rule is well settled that the master is not liable to his servant for injuries sustained by the latter while in his employment through the negligence of a co-employe engaged in the same general business. ( *Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y., 562; *Laning* v. *N. Y. C. R. R. Co.,* 49 id., 521, at 528.) It must be presumed that the deceased understood the nature of the services which he contracted to perform, and the situation and character of the work or thing about which such services were to be rendered, and the hazards incident to the work which he was to do in the manner in which it was to be done, and that he contracted with reference thereto, and he will be held to have voluntarily assumed all the risks of the employment.

(*Coon* v. *The Sy. and Utica R. R. Co.*, 6 Barb., 231, at 241 ; S. C., affirmed, 1 Seld., 492 ; *Sherman* v. *The Roch. and Sy. R. R. Co.*, 17 N. Y., 153, at 156.)  To bring a case within the exemption, it is not necessary that the servant injured and the one causing the injury, should be engaged in the same particular work.  (*Laning* v. *N. Y. C. R. R. Co.*, *supra* ; *Wright* v. *N. Y. C. R. R. Co.*, *supra*.) The intestate was there as the employe of the company, and because he was such an employe.  (18 N. Y., 432, at 434 ; *Gillshannon* v. *Stony Brook R. R. Co.*, 10 Cush., 228.)  The liability of plaintiff's intestate to receive an injury through the negligence of the persons engaged in operating the road, was a hazard incident to the nature of the engagement into which he entered, and in respect to which he became, so to speak, his own insurer.  (*Warner* v. *Erie Ry.*, 39 N. Y., 468, 470 ; *Farwell* v. *Boston and Worcester R. R. Co.*, 4 Metc., 49 ; *Morgan* v. *The Vale of Neath Railway Co.*, 1 L. R. [Q. B.], 149.)  Not only did the nature of the business in which the plaintiff's intestate contracted to render services necessarily place him where he, while actually at work, would be in contact with the tracks used for traffic by the company, but he was actually using those tracks and the cars running upon them to get from point to point along the road where the work was to be done, and he will be presumed to have known that the negligence of the company's employes engaged in running such trains, was one of the risks incident to the business in which he was engaged.  (*Russell* v. *The Hudson R. R. R. Co.*, 17 N. Y., 134 ; Wharton on Negligence, §§ 229–235 ; and also a very able article in the Alb. Law Jour., vol. 9, p. 69 ; *Albro* v. *The Agawam Canal Co.*, 6 Cush., 75 ; *Walker* v. *South-eastern Ry. Co.*, 2 Hurl. & Colt. [Exch.], 102.) The defendant had a right to require him to ride to his work upon its cars, and in so doing he was not only on his way to his work, but actually engaged in the performance of the duties of his employment, in accordance with this contract ; and during the journey he was a servant of the company, engaged in its service, and the relation of passenger and carrier did not exist between them.  (*Russell* v. *The Hudson R. R. R. Co.*, *supra*, 138 ; Shear. & Red. on Negligence, § 262.)  The defendant was not bound to exercise the same degree of care toward the plaintiff's intestate as if he had been an ordinary passenger, and the exception to the

refusal of the judge to so charge was well taken. A railroad company is only bound to use ordinary care, except in favor of passengers. (Shear. & Red. on Negligence, § 447.) It is only required to use reasonable care in providing for the safety of persons in its employ. (*Seaver* v. *Boston and Maine R. R.*, 14 Gray, 466.) But a railroad company is bound to exercise the utmost care and vigilance for the safety of its passengers. (*Caldwell* v. *Murphy*, 1 Duer, 233; Shear. & Red. on Negligence, § 497.) And it is held to the same degree of care toward a person who has entered upon its premises in the customary way for the purpose of becoming a passenger upon its road, as if such person was actually in its cars. (Shear. & Red. on Negligence, §§ 262, 275.) The railroad track was there, which is, of itself, a warning of danger, and the deceased was familiar with the exposures, and it was an act of negligence for him to voluntarily approach such place of danger under such circumstances as that he would be unable to look and to stop, if necessary, before stepping upon the railroad track. (*Wilds* v. *N. Y. C. R. R. Co.*, 24 N. Y., 430; S. C., 29 id., 315.) It was the duty of the deceased to have looked before he went upon the track, and the court should have so stated the rule to the jury without the qualification to which the defendant took exceptions. (*Hewitt* v. *The N. Y. C. R. R. Co.*, 3 Lans., 83; *Havens* v. *Erie Ry. Co.*, 41 N. Y., 296.) When the verdict is so against the weight of testimony as to show passion, prejudice or inattention to their duty, on the part of the jury, the verdict ought to be set aside. (*Cothran* v. *Collins*, 29 How. Pr., 155, 170.) When the preponderance in the evidence is so great as to lead naturally to the conclusion that injustice has been done, the verdict should be set aside. (*The Townsend Manufacturing Co.* v. *Porter & Tower*, 51 Barb., 346.) In such a case it is the duty of the General Term to set the verdict aside and order a new trial. (*Smith* v. *Ætna Life Ins. Co.*, 49 N. Y., 211, 216.)

*S. E. Filkins*, for the respondent. Mr. Ross' duties were not connected with the duties of the employes operating that railroad in any particular. Those duties were not such that in the performance of them he could exercise any watch and care over such employes. Such watch, if attempted, would not have promoted

their vigilance in any particular. (Story on Agency [4th ed.], 604, § 453; 17 N. Y., 134; 5 Am., 49; *Murray* v. *Railroad Co.*, 1 McMullen, 257 or 382; *Perry* v. *Marsh*, 25 Ala., 659; *Hutchinson* v. *The York R. R. Co.*, L. R., 392; *Farwell* v. *Boston and W. R. R. Co.*, 4 Metc., 49; *Hard, Admr.*, v. *Vt. and C. R. R. Co.*, 32 Vt., 473; *Fitzpatrick* v. *New Alb. and S. R. R. Co.*, 7 Ind., 436; *Gilmartin* v. *The Mad. and Ind. R. R. Co.*, 5 id., 336; *Ryan* v. *C. and N. W. R. R. Co.*, 60 Ill., 171; 47 id., 110; 52 id., 401; 17 Wall., 553; 30 Ga., 146.)    The reason of the rule, when it is applicable, is that each servant engaged in the same department of business, for the safety of all shall be interested in securing a faithful and prudent discharge of duty by his fellow-servants, so that they will report to the master any delinquencies of those engaged in the performance of duty.    But the reason does not exist, nor can it, where one servant is employed in a separate and disconnected branch of the business from that of another servant.    (70 Penn. St., 477; *Cooper* v. *Mullins*, 30 Ga., 146.)    The States of Illinois, Indiana, Ohio, Kentucky, Georgia, Alabama, Tennessee and Vermont have, by their courts, established the principles that the master is liable for injury occasioned to his servant : 1st. By reason of furnishing improper machinery, etc.    2d. By reason of employing incompetent fellow-servants, etc.    3d. By the negligence of a *quasi* co-servant, when the avocations of the two are so disconnected that mutual watch and care, each over the other, cannot be exercised while they are in the performance of their respective duties.    Contributory negligence is a question for the jury, especially where there is any dispute as to the facts.    (*Patten* v. *Phillips*, 52 N. Y., 354; Alb. Law Jour. of May 1st, 1875, p. 279; 37 N. Y., 287; 56 id., 302; 53 id., 654.)    When a person is at a railroad depot and about to get aboard of the cars, he has a right to presume that the way of ingress to them is free from obstruction. (39 How., 407; 38 N. Y., 440.)    The cases holding that one about crossing a railroad track must look both ways, have no reference to ingress or egress from cars at passenger depots.    (*Beisiegel* v. *The N. Y. C. R. R. Co.*, 34 N. Y., 622; *Ominger* v. *N. Y. C. and H. R. R. R. Co.*, 4 Hun, 159; *Barton* v. *N. Y. C. and H. R. R. R. Co.*, 1 N. Y. S. C.; affirmed in Ct. Apps., 56 N. Y., 124; *Ingersoll* v. *N. Y. C. and H. R. R. R. Co.*, 6 N. Y. S. C.,

416.) Ross was entitled to the same degree of care from the company as any other passenger. (*Eaton* v. *The Del., Lack. and West. R. R. Co.*, Alb. Law Jour. of date, May 25, 1872, p. 335; 107 Mass., 108; 40 Miss., 391; 40 Barb., 546; 11 Ohio St., 417.) The distinctions between slight, ordinary and gross negligence, so far as common carriers are concerned, have been abolished. (Ang. on Carriers, § 23; 24 N. Y., 181, 196, 200, 201; 107 Mass., 108; Alb. Law Jour. of date, Nov. 15, 1873, p. 309.) The intestate was a passenger while going to and from the train. (8 Allen, 227; 53 Barb., 629; 43 N. Y., 528, 537; 26 id., 49; 43 id., 516; 49 id., 263.)

E. DARWIN SMITH, P. J.:

If the intestate, Ross, had been an ordinary passenger, having paid his fare for his transportation over the defendant's railroad to the place of his destination at the time of the accident, the action and the recovery could, doubtless, be sustained upon the ground of the negligence of the conductor of the train on which he was riding, in starting said train at the precise juncture when the westward bound train arrived at Lyons and was passing between it and the depot. Upon the principles of public policy, as applicable to public carriers, the carriers of passengers are bound to carry safely, so far as human care and foresight will go, all whom they receive into their cars or coaches, and are responsible for any, even the slightest, negligence. (*Stokes* v. *Saltonstall*, 13 Peters, 181; Story on Bailment [8th ed.], § 601.) The negligence in this class of cases includes the neglect of servants and agents; not only of those engaged in the transportation of the passengers, but in all the subsidiary arrangements and incidents connected with the reception, ingress and egress, delivery and control and care of the passenger. But these principles do not apply to the relation of master and servant *inter se.* The rule which governs this relation is based upon contract simply, implied in law (*Farwell* v. *Boston and W. R. R.*, 4 Metcalf, 49) where there is no express agreement. The master is doubtless liable for his personal negligence, like all other tort feasors, upon the rules or principles which govern in actions of tort. (*Ryan* v. *Fowler*, 24 N. Y., 410.) But aside from the personal negligence of the master, the servant has no

right of action against him, except for the violation of the implied contract, that he will exercise ordinary care not to expose such servant to unreasonable risks or dangers. (*Noyes* v. *Smith*, 28 Vermont, 59.)    The rule is well stated in *Gilman* v. *Eastern R. R. Cor.* (10 Allen, 238), as follows: "It is well settled, both in England and America, that a master is bound to use ordinary care in providing his structures and engines, and in selecting his servants, and is liable to any of their fellow-servants for his negligence in this regard." The rule is asserted or stated in the same way, in substance, in *Warner* v. *Erie R. R. Co.* (39 N. Y., 533), and *Wilson* v. *Merry* (1 Scotch Appeals in House of Lords, 326).

The cases in this State in which the servant has been allowed to recover against the master for injuries received from the neglect of some other servant of such master, have been based, generally, upon the non-fulfillment, by the master, of his duty to or contract with the servant, within the rule above stated, or are sustainable, if at all, within the principle asserted in such rule of liability or duty on the part of the master.    Some contrariety of opinion has existed in respect to the question, whether the master could absolve himself from all responsibility to his servants by committing the general charge of his duties as master, as with corporations, to some executive officer or agent.    This question is now finally settled in the Court of Appeals, in the case of *Laning* v. *The N. Y. Central Railroad Co.* (49 N. Y., 521), and also in the case of *Flike* v. *Boston and Albany Railroad Co.* (53 id., 549), where the rule is asserted, that where the master commits such control and management of his affairs, in any particular department, to a general superintendent, or other officer or agent, such officer or agent stands in the place of the master, and his acts or neglects or omissions of duty, are those of the master, in respect to the other employes of such common master.    But the principle still remains, as Judge ALLEN states it in *Wright* v. *The N. Y. Central R. R. Co.* (25 N. Y., 564), that personal negligence in such case is the gist of the action as against the master, the negligence of the agent acting for and in the place of the master being the negligence of the master.    This principle must be limited, I think, to such acts as men, ordinarily, are competent to discharge, and not to those requiring skill, or artistic or scientific knowledge.

Aside from this question of personal negligence of the master, actual or thus imputed, there is no ground or principle upon which the servant can maintain an action against the master for injuries received from the neglect of any fellow servant or other person.

In *Laning* v. *N. Y. Central R. R. Co.* (*supra*) the action was held to lie to recover for the neglect of the agent of the defendant, intrusted with the duty of employing and discharging subordinate servants, agents or workmen, in retaining a drunken foreman in charge of work, in consequence of which the plaintiff sustained injury. In *Chapman* v. *Erie R. R. Co.* (1 N. Y. S. C., 526) a drunken telegraph operator was retained in the employment of defendant by its superintendent with knowledge of his habits.

The plaintiff in this case was an employe of the defendant. He was an engineer and surveyor engaged in work for the defendant, connected with the laying of new tracks on their railroad. His death was caused by the negligence of the conductor on one of the defendant's trains, upon which he was being transported, free of charge, from Medina, where he lived, to Jordan, where he was employed in such work. There is no proof or pretense that there was any neglect in the employment of such conductor, or that he was ever supposed, or was in fact, incompetent or unfit for his place. It is difficult to find any basis in the case for the action arising out of any neglect of the defendant, or of any officer or agent acting in its place, in such relation or position as that his acts or neglects were those of the defendant as master. But it is urged on behalf of the plaintiff, that Ross was not a co-employe with the conductor whose negligence caused his death, within the purview of the cases which hold that the master is not responsible for an injury to a fellow-servant occasioned by the negligence of another servant engaged in the same general business. But there is no ground in the case for this exception to the general rule. The plaintiff was as much a co-employe with the said conductor, under the employment of a common master, as was the plaintiff in the case of *Boldt* v. *The N. Y. Central R. R. Co.* (18 N. Y., 432) or in *Coon* v. *The Syracuse and Utica R. R. Co.* (6 Barb. 231; S. C., 1 Selden, 492).

The rule exempting the master from responsibility to one servant for injury sustained by him from the negligence of another

servant, does not rest or depend upon the intimacy of their relations to each other in their particular work, respectively. It extends to all employes of a common master engaged in carrying on any general work or enterprise. It rests upon the single ground above stated, that the master impliedly contracts with each and every employe to subject them, respectively, to no unreasonable risks from the incompetency of any of their fellow workmen. If workmen are employed together in any particular branch of labor, and their knowledge of each other, and of the state of the machinery or implements furnished for their common use, is as well known to them as to their master, this fact may furnish another element of exemption from responsibility on the part of the master, if they consent to continue to work with incompetent fellow-servants, or with defective or insufficient implements or machinery. Corporations act necessarily through agents and officers more or less numerous, among whom there is no inequality of right or duty as respects their common master. They are all fellow-servants, except so far as such master has substituted some particular officer or agent in its place, to perform its duty to its employes. Such officer or agent stands in the place of the corporation as master, and binds it by his acts and neglects.

We are referred to several cases in other States, where a different rule is asserted. In *Ryan* v. *The Chicago and N. W. R.* (60 Illinois, 171) and *Lake* v. *The Chicago B. and Q. R. R. Co.* (52 id., 401), and *Fitzpatrick* v. *The New Albany R. R. Co.* (7 Indiana, 438), and others, it is held that a railroad company is liable to a servant for an injury occasioned by the negligence of another servant, when the duties of the latter, in connection with which the injury happened, were not in common, nor in the same department with those of the injured servant, and where the negligence of the injured servant did not contribute to the injury.

These cases, it seems to me, overlook or mistake the true principle upon which the master's liability in such cases rests. All the servants of a common master stand to him in the same relation ; they severally undertake to work for the same master, and take and assume, on their part, the risk of all dangers ordinarily incident to their employment. The master, impliedly, undertakes on his part to exercise ordinary care to protect them from all unreasonable

risks and dangers pertaining to such work, resulting from the employment of incompetent servants in other departments of his work. He is only liable for his neglect of ordinary care in this particular; he is not an insurer. If a servant of a railroad corporation divests himself of his character as a servant or fellow-servant, and becomes a paying passenger on the cars of the railroad, he will, doubtless, acquire and possess all the rights of a passenger, or of any third person unconnected with the master.

Upon these views, the plaintiff should have been nonsuited at the Circuit, or the judge should have instructed the jury, as requested, that if there was any negligence on the part of the defendant's servants or agents, such negligence was the negligence of a co-employe of the plaintiff's intestate, and therefore she could not recover. The judgment should therefore be reversed, and a new trial granted, with costs to abide the event.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment and order reversed, and new trial granted, costs to abide event.