### MELE v. DELAWARE & H. CANAL CO.

*(Superior Court of New York City, General Term. May 4, 1891.)*

1. NEGLIGENCE OF MASTER—PLEADING.
    A complaint in an action for personal injuries, alleged to have been caused by defendant's negligence, need not affirmatively allege that no negligence on plaintiff's part contributed to the injuries.
2. SAME—FELLOW-SERVANTS.
    A laborer and an engineer, in the employ of the same railway company on its railroad, are fellow-servants; and the former cannot recover from the company for personal injuries caused by the negligence of the latter while in such employment.

Appeal from special term.

Action by Vincenzo Mele against the Delaware & Hudson Canal Company. The complaint alleges that on or about July 21, 1888, the plaintiff, a workman in the employ of the defendant, was crossing a bridge over which defendant's trains pass, at or near the place known as Maryland, Otsego county, N. Y., on his way to his work, in common with other employes; that, in attempting to avoid an approaching train of defendant's, plaintiff slipped and fell; that other workmen in company with plaintiff signaled the train to stop; that the engineer in charge negligently, and without due or proper warning, caused the train to pass over the plaintiff before he could rise and avoid the same; that the signaling was made while defendant's train was at a distance of about 500 feet from the plaintiff; that in consequence of the negligence the plaintiff sustained bodily injury, so that both his arms were amputated, to his damage $25,000. The defendant demurred to the complaint on two grounds: *First*, that the complaint does not state facts sufficient to constitute a cause of action; *second*, that there is no such corporation as that named as defendant. The court below sustained the demurrer, and from the interlocutory judgment entered thereon in favor of the defendant the plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*Smith & Vosburgh*, for appellant. *Edwin Young*, for respondent.

McADAM, J. The learned judge in the court below properly held that there was no force in the objection that plaintiff has not in his complaint affirmatively alleged that no negligence on his part contributed to the disaster, and that the allegation that the negligence of the defendant caused the injury carries with it the inference that such negligence alone was the cause. *Urquhart* v. *Ogdensburg*, 23 Hun, 75; *Robinson* v. *Railroad Co.*, 65 Barb. 146, affirmed, 66 N. Y. 11; *Lee* v. *Gas-Light Co.*, 20 Wkly. Dig. 413; *Hackford* v. *Railroad Co.*, 6 Lans. 381, affirmed, 53 N. Y. 654; *Hale* v. *Smith*, 78 N. Y. 480; *Lee* v. *Gas-Light Co.*, 98 N. Y. 115. The judge put his decision on the ground that the plaintiff, though not a trespasser, was a fellow-servant in a common employment with the engineer, and that no action would lie against the master of both. To sustain this proposition he cites *Boldt* v. *Railroad Co.*, 18 N. Y. 432; *Malone* v. *Hathaway*, 64 N. Y. 5; *Vick* v. *Railroad Co.*, 95 N. Y. 267. These cases, particularly *Boldt* v. *Railroad Co.*, *supra*, seem to be decisive of the question involved. In that case plaintiff was a track laborer, who was struck by a train while walking on the track on his

way to his work.   The court held that while doing this particular act he was a co-employe of the engineer, for whose negligence the company was not liable.   See, also, *Gillshannon* v. *Railroad Co.*, 10 Cush. 228.   The rule is that all who serve the same master work under the same control, derive authority and compensation from the same common source, and are engaged in the same general business, though it may be in different grades or departments of it, are fellow-servants who take the risk of each other's negligence.   *Prima facie*, all servants of a common master, employed in the railway service, are fellow-servants, and neither has a cause of action for the negligence of another.   The ruling in other states, drawing a distinction between the grades of service, and giving a remedy to a laborer or clerk injured by an engineer, (*Railroad Co.* v. *Keefe*, 47 Ill. 110; *Ryan* v. *Railroad Co.*, 60 Ill. 171; *Valtez* v. *Railroad Co.*, 85 Ill. 500; *O'Donnell* v. *Railroad Co.*, 59 Pa. St. 239,) have never been approved in this state, and are contrary to its policy.   We have endeavored to distinguish this case from *Boldt* v. *Railroad Co.*, *supra*, but cannot.   The fact that the plaintiff slipped and fell, and was helpless upon the track when the warning was given by his co-laborers, only adds to the degree of negligence on the part of the engineer, and tends to establish more clearly freedom from fault upon the part of the plaintiff.   It does not reach the underlying principle, too firmly established to be now questioned, that the plaintiff cannot recover for the negligence of a fellow-servant, no matter how gross, and that the engineer guilty of the wrong came within that relation.   For these reasons, and without seriously considering the second ground of demurrer, which seems to be without merit, the order and interlocutory judgment entered upon it must be affirmed, with costs.

All concur.