LORINDA WILSON, as Administratrix, etc., of WILLIAM WILSON, Deceased, Appellant, v. THE HUDSON RIVER WATER POWER AND PAPER COMPANY, Respondent.

*Negligence — master and servant — improper use of suitable machinery by a fellow-servant.*

All who serve the same master, work under the same control, derive their authority and compensation from the same common source, and are engaged in the same general business. though it may be in different grades or departments of it, are fellow-servants, who take the risk of each other's negligence.

A laborer employed by a paper manufacturing company was fatally injured through the improper setting in motion by the chemist of the company of incomplete machinery in a new addition to the company's mill, which the laborer was engaged in completing.

In an action brought by the laborer's representative against the company to recover the damages resulting from his death, the evidence showed that the chemist was in the employ of the defendant in its manufacturing business, but there was no direct evidence that he had any authority or control over the machinery or over those whose duty it was to operate it; and it appeared that the defendant had in its employ a superintendent, who had general charge of its business and of the men in its employ.

*Held,* that the chemist was the fellow-servant of the deceased laborer, and not the *alter ego* of the defendant company.

It appeared that no inherent defect existed in the machinery which the deceased was engaged in completing, and that no harm could have come to him but for the improper setting of the machinery in motion while he was exposed to injury therefrom.

*Held,* that a case was not presented of unsafe and improper machinery furnished by the employer, but rather a case of the improper use by a fellow-servant of machinery suitable and proper for the purpose for which it was intended, for which the employer was not liable.

APPEAL by the plaintiff, Lorinda Wilson, as administratrix, etc., of William Wilson, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Saratoga county on the 18th day of October, 1892, upon an order dismissing the complaint upon the merits, made at the close of the plaintiff's case on a trial at the Saratoga Circuit.

The action was brought to recover the damages resulting from an alleged injury done to the plaintiff's intestate, on the part of the defendant, in not furnishing a reasonably safe place and safe machinery in the defendant's factory, where plaintiff's intestate was employed as a laborer by the defendant.

At the time of the injury complained of, the defendant had in process of construction an addition to its mill, and the intestate was engaged in working at the fixtures or machinery in the mill so in process of construction, and while so engaged was caught in a chest or vat, being constructed for mixing pulp by revolving shafts and arms, and was killed, and this action is prosecuted by his administratrix to recover the damages resulting from the killing.

At the conclusion of the case, the defendant moved to nonsuit the plaintiff, which motion was granted, and from the judgment entered upon that decision the plaintiff appealed.

*James A. Burnham* and *Edgar T. Brackett*, for the appellant.

*Edward W. Douglas*, for the respondent.

MAYHAM, P. J.:

The plaintiff was nonsuited by the learned judge at the trial upon the ground that the negligence complained of was not negligence fairly imputable to the defendant, but was the result of negligence of a co-employee of the intestate in turning the water on the wheel and thus setting the machinery in motion at a time when the intestate was engaged in a position where no harm could have come to him but from the starting of the machinery, and that the intestate was not proven to be free from contributory negligence.

The determination of the first question, upon which the learned judge placed his decision, must turn upon the question as to whether Griffin, the man who opened the gate and thus precipitated the water upon the wheel, setting the machinery in motion, was the *alter ego* of the defendant.

If he was, then his act was the act of the defendant, and it would be charged with negligence. If he was not, then his act would be that of a co-employee for which the defendant would not be liable.

The evidence shows that Griffin was the chemist in the employ of the defendant, in its manufacturing business, and there is no direct evidence that he had any authority or control over the machinery or those whose duty it was to operate it.

The defendant had in its employ a superintendent, who seemed to have general charge of its business and of the men in its employ,

and the employees appear by the evidence to have had assigned to them their respective duties, and it nowhere appears that the company had invested Griffin with any general power or authority, either over the employees or the operation of the machinery in its mills.

Under these circumstances the evidence discloses that Griffin who, it must be assumed, was a co-employee with the deceased, carelessly or negligently, and without appearing to have any express authority or direction from the superintendent, set the machinery in motion by turning the water upon the wheel and thereby caused the death of the plaintiff's intestate.

He was, within the facts of this case, a co-employee and fellow-servant with the intestate. Against his negligent acts the intestate took the risk.

The rule seems settled that all who serve the same master, work under the same control, derive their authority and compensation from the same common source, and are engaged in the same general business, though it may be in different grades or departments of it, are fellow-servants, who take the risk of each other's negligence. (*Mele* v. *D. & H. C. Co.*, 39 N. Y. St. Repr. 153, 154.)

In this case the court held that "*prima facie* all servants of a common master employed in the railway service are fellow-servants, and neither has a cause of action for the negligence of another." (*Boldt* v. *R. R. Co.*, 18 N. Y. 432; *Malone* v. *Hathaway*, 64 id. 5; *Vick* v. *R. R. Co.*, 95 id. 267; *Mahoney* v. *N. Y. C. R. R. Co.*, 46 N. Y. St. Repr. 738–741; *Webber* v. *Piper*, 109 N. Y. 499.)

The machinery in the mill upon which plaintiff's intestate was engaged to work was incomplete, and he was at the time of the accident engaged in completing it. No inherent defect existed in the machinery itself, and no harm could have come to him but for the improper setting of the machinery in motion while he was exposed. It is not, therefore, a case of unsafe and improper machinery furnished by the employer to the employee, by which the employee is injured, but rather a case of the improper use by a fellow-servant of machinery suitable and proper for the purpose for which it was intended, and it was by the improper use of the machinery itself that the injury resulted to the deceased.

We are, therefore, of the opinion that the decision of the learned judge was correct, and that the injury resulted, not from any negligence on the part of the defendant, but from the negligence or improper conduct of a fellow-servant.

The judgment should be affirmed, with costs.

Herrick, J., concurred.

Judgment affirmed, with costs.