(97 App. Div. 39.)

## DOOLING v. DEUTSCHER VEREIN.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. MASTER AND SERVANT—INJURIES TO SERVANTS—FELLOW SERVANTS—NEGLIGENCE.

Plaintiff was employed as assistant engineer in defendant's clubhouse, which was equipped with two electric switch boards, located about two feet apart, one of which connected an electric current operating electric fans, and the other connected a current to the laundry for the purpose of heating irons. Women in the laundry were permitted to turn on the current for the purpose of heating the irons, and plaintiff, while inspecting one of the electric fans, was injured by a laundrywoman starting the same by erroneously turning the fan switch instead of the switch connecting with the laundry. *Held*, that the laundrywoman's act pertained only to the duty of an operative, and hence her negligence was that of a fellow servant, for which plaintiff could not recover.

2. SAME—ASSUMPTION OF RISK.

Plaintiff, having knowledge that defendant permitted the laundrywomen to use the switch, and having previously stated to the chief engineer that he was never in an engine room where women were allowed to meddle with machinery, assumed the risk of such injury by continuing to work without other objection.

3. SAME—PROMULGATE RULES—FAILURE TO PROMULGATE.

No similar accident ever having occurred, to put defendant's officers or agents on their guard on the subject, and it not appearing that they had permitted the laundrywomen to meddle generally with the machinery, or to use anything except the particular switch board connecting with the laundry, defendant was not guilty of negligence in failing to promulgate and enforce rules and regulations calculated to prevent such accidents.

Appeal from Trial Term, Kings County.

Action by James Dooling against the Deutscher Verein. From a judgment in favor of defendant, dismissing the complaint, at the close of plaintiff's case, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Louis A. Jaffer, for appellant.
Robert Thorne (Frank B. Johnson, on the brief), for respondent.

WILLARD BARTLETT, J. Giving to the plaintiff the benefit of every inference which may fairly be drawn in his favor, as we are bound to do upon an appeal of this character, the facts which constitute his cause of action, as proved upon the trial, may be stated as follows: At the time of the accident which has given rise to this action,

the plaintiff, as an assistant engineer, had been in the employment of the defendant corporation in its clubhouse in the city of New York for a period of about two weeks. In the clubhouse was an electric fan, used for ventilating purposes. This fan was set in motion by means of an electric current from a switch board. About two feet distant from this switch board was another switch board, by means of which an electric current could be sent into the laundry for the purpose of heating the irons there. The plaintiff, desiring to examine the fan to see whether there was anything loose in it, had turned off the electric current, and had taken hold of one of the blades, in order to make the desired examination, when a woman employed in the laundry came to the switch board communicating with the fan and turned on the current, setting the fan suddenly in motion, with the effect of cutting off three of the fingers of the plaintiff's right hand. It may be inferred, although there is no direct proof on the subject, that the laundrywoman did this by mistake; having gone to the wrong switch board, though intending to go to that which communicated with the laundry. The plaintiff was aware that women from the laundry were in the habit of turning on the current from the switch board which communicated with the apparatus for heating the irons. He had conversed with the chief engineer of the club on the subject before the accident, asking him whether he allowed women to meddle with the machinery; and the chief engineer had responded in the affirmative, whereupon the plaintiff had remarked: "I was never anywhere in an engine room that there were women allowed to go and meddle with the machinery before."

At the close of the evidence of the plaintiff, counsel for the defendant moved to dismiss the complaint on the ground that, if the fan was put in motion by a servant, the plaintiff knew that the servant was liable to come in and start it, and on the further ground that, if the servant made a mistake, it was the mistake of a fellow servant. The court granted the motion, without expressly stating any reasons for so doing, and the plaintiff has appealed.

Upon these facts, I am unable to see how any liability for the accident can be attributed to the defendant. Assuming that the injury was the result of negligence, it was plainly the negligence of a fellow servant. It is argued that service as an assistant engineer and service as a laundrywoman cannot be regarded as service in a common employment. The particular service with which we are here concerned, however, related to the management of machinery in the defendant's clubhouse, and both the plaintiff and the laundrywoman who started the fan, probably by mistake, were intrusted with the operation of certain parts of that machinery. I think this clearly made them fellow servants. The act done by the laundrywoman pertained only to the duty of an operator, and, she being a mere servant, her improper performance of the act did not render the common master liable to a fellow servant. Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521.

Furthermore, it seems equally clear that the plaintiff assumed whatever risk was involved in the action of the defendant in permitting the laundrywomen to operate the switch board connecting with the laundry. He was aware of its proximity to the other switch board, and his own testimony indicates that he was alive to any danger which might arise

out of the likelihood of precisely such a mistake as seems to have occurred.

It is contended in behalf of the appellant that the defendant corporation was negligent in not making, promulgating, and enforcing rules and regulations calculated to prevent such an accident as that which occurred in this case. As to this point, it is to be observed that the complaint contains no allegation of negligence in this respect; but, even if a recovery might be had on that ground in the absence of such allegation, the proof, as it seems to me, fails to establish any such condition of things as made it legally incumbent upon the defendant to establish such rules prior to the occurrence of this accident. It does not appear that any similar accident had ever occurred, to put the defendant's officers or agents upon guard on the subject, or that they had permitted any general intermeddling with the machinery on the part of the laundrywomen, or anything except the use of the switch board by them which was connected with the laundry. While it might well be said now that they ought to take some precaution to guard against a similar accident, it can hardly be held, as matter of law, that the probability of a mistake was so evident that they ought to have taken some steps to avert its possibility. See Berrigan v. N. Y., L. E. & W. R. R. Co., 131 N. Y. 582, 30 N. E. 57. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.