(53 Misc. Rep. 121)

### FOUQUET v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Trial Term, Dutchess County.   February, 1907.)

**1. MASTER AND SERVANT—INJURY TO SERVANT—EVIDENCE.**

In an action for injuries to a draftsman employed by a railroad company while stepping off the elevator in a building occupied by the engineering department, evidence *held* insufficient to show that the elevator was defective.

**2. SAME—FELLOW SERVANTS.**

A draftsman in the employ of the engineering department of a railroad is a fellow servant with the man running the elevator in the building in which the draftsman works.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 486–490.]

Action by John D. Fouquet against the New York Central & Hudson River Railroad Company.   Motion to dismiss after verdict for plaintiff.   Verdict set aside, and motion granted.

H. W. Alden, for plaintiff.

John C. Robinson, for defendant.

MADDOX, J.   It is a matter of common knowledge that employés in the administrative offices and departments of a railroad corporation are as necessary to the general purposes of the company as are those in the departments having solely to do with the detail of the actual physical maintenance and operation of the railroad and its train service and its work of construction and repair.   Here plaintiff and the elevator operator were employed by a common master, the defendant, in its terminal depot and office building in New York City; the former in its surveying and engineering department, and the latter in that having to do with the control, management, and care of such building, both branches of defendant's service being administrative in character.   The building was devoted to depot and office purposes, was occupied by the defendant and the New York, New Haven & Hartford Railroad Company, in part as a depot and the balance for executive and administrative offices of the two companies, and the elevator, in operation of which plaintiff suffered injury, was used by the employés and the general public in going to and from the offices of the two companies.   In maintaining said building for its offices and terminal depot, the defendant was providing for the performance of some of the detail in its general purpose and enterprise, the operation of its railroad, a building in which were the offices for the transaction of its executive, administrative, and operative affairs and business; and we must recognize that the affairs and business of such departments are without question very closely allied and interwoven.

An elevator is now considered an essential in an office building, indeed, in any high structure; and defendant, in providing elevator service, was but facilitating and expediting its business in making the various offices in the building easy of access to those of the general public having business in any of its offices, as well as to the employés

therein employed, all of which having more or less directly to do with . its general purpose, its railroad business. The fact that the defendant leased,· or suffered to be used, any part of the building by the New Haven Railroad Company for office purposes, is of no moment and does not militate against the defendant or change the relation between the plaintiff and the elevator operator. The plaintiff was employed by the superintendent of the architectural office, while the elevator operator was employed by the superintendent of the building referred to, known as the "Grand Central Station," the one as draftsman and the other to render ordinary service in operating a lift or elevator; but the difference in grade of the employment, or. that they ·were in different departments, does not aid the plaintiff, for they were both in a common employment for the same· general purpose, the business of the defendant. As said by Judge Folger in Slater v. Jewett, 85 N. Y. 61, 70, 39 Am. Rep. 627:

"There are many kinds of servants of a great railway company. Their duties are not in all cases the same, nor always like, yet they are all done to bring one result, and it is their conjoint, simultaneous, and harmonious performance that does effect the finality sought through the whole complex organism."

It is true that the operation of the elevator here in question had in itself no bearing on or relation to the operation of trains or the work of the surveying and architectural offices of the defendant; but it had to do with making easy of access the various offices of the defendant by those having business relations with that "complex organism," the defendant's railroad, and plaintiff has made no claim that the operator of the elevator was incompetent for the performance of his employment. That the employés of a common master are working at different trades, at various kinds of work, in different branches and departments, and whether in skilled or unskilled labor, does not change the rule as to the master's nonliability to an employé for the negligence of co-servants, if the master be himself free from concurring negligence. Slater· v. Jewett, 85 N. Y. 61, 39 Am. Rep. 627; Ross v. N. Y. Central, etc., Co., 5 Hun, 488, affirmed 74 N. Y. 617; Besel v. N. Y. C. & H. R. R. Co., 70 N. Y. 171; Butler v. Townsend, 126 N. Y. 111, 26 N. E..1017; Corcoran v. D., L. & W. R. Co., 126 N. Y. 673, 27 N. E. 1022; Henry v. S. I. R. R. Co., 81 N. Y. 373; Vick v. N. Y. C. & H. R. R. Co., 95 N. Y. 267, 47 Am. Rep. 36; Wilson v. Hudson River Water P. & P. Co., 71 Hun, 292, 24 N. Y. Supp. 1072; Monaghan v. N. Y. C. & H. R. R. Co., 45 Hun, 113; Gibson v. Northern Central R. R. Co., 22 Hun, 289; Carr v. North River C. Co., 48 Hun, 266; Mele v. D. & H. Canal Co., 59 N. Y. Super. Ct. 367, 14 N. Y. Supp. 630; McDonald v. N. Y. C. & H. R. R. R. Co., 63 Hun, 587, 18 N. Y. Supp. 609; Byrnes v. N. Y., L. E. & W. R. R. Co., 113 N. Y. 251, 21 N. E. 50, 4 L. R. A. 151; Potter v. N. Y. C. & H. R. R. Co., 136 N. Y. 77, 32 N. E. 603.

The question is simply whether they are employed under a common ·control, for the general purpose of the employer's enterprise and business, and not doing that which is the master's duty. Indeed, as said by Judge McAdam in Mele v. D. & H. Canal Co., supra:

"Prima facie, all servants of a common master employed in the railway service are fellow servants, and neither has a cause of action for the negligence of the other."

See, also, Wilson v. Hudson River Water P. & P. Co., supra.

Here the elevator man, in operating the elevator at the time of the injury to plaintiff, was performing the detail of the work of an employé, and was not the alter ego of the common master. He was not doing the master's duty, and my conclusion is that he and the plaintiff were fellow servants, and that the defendant is not liable to the plaintiff for the negligence of the operator.

There is nothing in the contention that plaintiff, not having reached the particular office and room in which he put in his service or time, was not in the employment of the defendant. The place of his employment was the building, the Grand Central Station, and he was in the employ of the master from the time he reached the place of employment. He was employed and paid by the month, and at the time on his way to his particular room or office.

The maxim "res ipsa loquitur" does not apply to this case. The mere happening of the accident, the injury, does not justify an inference of negligence. The master is presumed to have performed his duty to the servant; but if from the surrounding circumstances established, or from such as may be fairly inferred from the facts proved, it appears that the injury would not have happened with the exercise of reasonable care, then the doctrine that "things speak for themselves" applies, and the burden shifts to the master to explain the cause and to show his freedom from negligence. Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630; Starer v. Stern, 100 App. Div. 393, 91 N. Y. Supp. 821; Stackpole v. Wray, 99 App. Div. 262, 90 N. Y. Supp. 1045. Indeed, "in no event could the doctrine be applicable until it is affirmatively shown that the fall was not due to negligence on the part of the operator, or the engineer or the fireman, who would ordinarily be co-servants." Starer v. Stern, 100 App. Div. 398, 91 N. Y. Supp. 824.

In the case at bar there is no evidence as to the circumstances attending the injury, other than that the door on the landing closed partly to, striking the plaintiff as he was stepping from the elevator, and that the elevator began to descend, throwing plaintiff to the floor and causing the injuries complained of. There is nothing to negative the suggestion that the movement of the door and the descending of the elevator might have been due to the negligent act of the operator; and there is no fact or circumstance shown wherefrom the negligence of the master may be inferred, or to justify an inference that the elevator or the machinery and apparatus used in the operation thereof were defective or out of repair.

Verdict for plaintiff set aside, and motion to dismiss granted.

Verdict set aside, and motion granted.