## ROBINSON v. CONSOLIDATED GAS CO.

(Supreme Court, Trial Term, New York County. December 2, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—RES IPSA LOQUITUR.

    The doctrine of res ipsa loquitur applies, where the relation of master and servant exists, if it appears from the facts and surrounding circumstances that the accident would not have happened, had reasonable care been exercised.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 877, 881.]

Action by Anne Robinson against the Consolidated Gas Company. Motion to set aside a verdict for plaintiff. Motion denied.

Edward F. Brown, for plaintiff.

E. S. Berry, for defendant.

DAYTON, J. The contention of defendant's counsel that the doctrine of res ipsa loquitur does not apply in negligence cases, where the relation of master and servant exists, is refuted by one of the authorities cited to sustain that proposition, to wit, Fouquet v. N. Y., C. & H. R. R., 53 Misc. Rep. 121, 103 N. Y. Supp. 1105, where the rule is stated as follows:

    "The master has performed his duty to the servant; but if from the surrounding circumstances established, or from such as may be fairly inferred from the facts proved, it appears that the injury would not have happened with the exercise of reasonable care, then the doctrine that 'things speak for themselves' applies, and the burden shifts to the master to explain the cause and to show his freedom from negligence"—citing Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, and other cases.

In my opinion, upon all the evidence in this case, this accident would not have happened if reasonable care had been exercised in the inspection of this scaffold, and the doctrine of res ipsa loquitur was properly charged. Griffen v. Manice, supra.

As to the other questions raised by the defendant's brief, they all arise upon the facts submitted to the jury in a charge which left to them the decision of all these questions. By their verdict they must be held to have found in favor of the plaintiff and against the defendant upon each and all of these questions of fact. I have read the record and briefs carefully, and conclude that I would not be justified in setting aside the verdict.

Motion denied.