ELIZABETH ROBINSON *vs.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Contributory negligence is matter of defence, and is not to be affirmatively disproved in order to entitle the injured party to recover.

The decision to the contrary, in *Warner* v. *The N. Y. Central R. R. Co.,* (44 *N. Y.* 465,) was *obiter,* and is not binding as authority.

In an action to recover damages for an injury resulting from the negligence of the defendant, the rule, as to the burden of proof of concurring negligence on the part of the plaintiff is, that the plaintiff must satisfy the jury, in order to entitle him to recover, that he was not guilty of negligence which contributed to produce the injury; but he is not called on to make such proof in the first instance, unless the circumstances disclosed by his own witnesses tend to show him guilty of negligence. When negligence is not thus established, it is to be affirmatively proved by the defendant.

The rule is the same in cases of negligence as in other cases. If the plaintiff's own evidence establishes a defence, the plaintiff, before he rests, must rebut it, or he will be nonsuited.

Where, in an action for negligence, the charge was, not that the jury must be satisfied, in order to find a verdict for the plaintiff, that she was not chargeable with concurring negligence, which they might do, from the absence of any evidence tending to prove it; but it was that it must be affirmatively proved by the plaintiff; *held* that the charge was erroneous; the jury, by the language used, being given to understand that they must find for the defendant, unless the plaintiff, by evidence, on her own part, disproved or rebutted negligence which was otherwise imputable to her, or, what was the same thing, presumed against her.

A person who is injured by the negligence of another is not responsible for any contributory negligence of a third person, with whom he happens to be riding, at the time, over whom, or whose conduct, he has no control.

Robinson *v.* The N. Y. Central and Hudson River R. R. Co.

THE plaintiff sues to recover damages for injuries sustained by reason of a collision between a train of cars on the defendant's road, and a horse and buggy belonging to one Caulon, with whom the plaintiff was riding, by his permission, as a matter of favor merely.

The wagon in which the plaintiff was riding, approached the railroad track from the north, and although the driver stopped and listened, to ascertain whether a train was approaching, could hear none; nor did they hear any whistle sounded or bell rung; and supposing that none was coming, the horse was driven to within a few feet of the track, when a train came, at the rate of some sixty miles an hour, and frightened the horse; he reared and was pulled by the driver toward the west, near to the track, when it fell into a cattle-guard; the buggy was struck by the engine, and the plaintiff thrown out and injured.

On the trial, the court charged the jury:

*First.* That the omission of the defendant's servants to ring the bell or sound the whistle when approaching the crossing, if such signals were omitted, did not render the defendant liable for the injury; that the plaintiff was bound to prove, affirmatively, to the satisfaction of the jury, that the plaintiff and Caulon, the driver, were guiltless of any negligence on their part, contributing to produce the collision; and if, on the whole case, she had failed to establish that fact, affirmatively, their verdict must be for the defendant.

*Second.* That if the jury should find the defendant guilty of negligence, and that the plaintiff, personally, was without fault, yet if Caulon was guilty of negligence contributing to the accident, such negligence was attributable to the plaintiff, and she could not recover.

*Third.* It was not negligence in the defendant to run the cars past the crossing in question at sixty miles per hour, or any other high rate of speed, if the whistle was sounded or bell rung.

These instructions were severally excepted to by the plaintiff's counsel.

The jury rendered a verdict for the defendant, and the court directed the exceptions to be heard in the first instance at the General Term, and judgment in the meantime suspended.

*By the Court*, MULLIN, P. J.   The instructions given to the jury present the only questions for our consideration.   I shall examine them in the order in which they are stated above:

First.  Was the plaintiff bound to prove, affirmatively, in order to entitle her to recover, not only that the defendant's negligence produced the injury, but that the driver, Caulon, was guiltless of any negligence which contributed to the collision by means of which the plaintiff sustained the injury?

For the purposes of this question, we assume that the plaintiff was responsible for the negligence of which Caulon may have been guilty, a proposition which will be hereafter considered.  The question is then reduced to this: Must the plaintiff prove, affirmatively, that Caulon was guiltless of negligence which contributed to the injury?

If the plaintiff is bound to make such proof, it must be because it is an essential element of her cause of action.   If it is, the rules of pleading require it should be averred in the complaint, and if not so averred, a cause of action is not stated in it.

I have searched with some care to find a precedent of a declaration at common law, in which such an allegation was made, but have found none prior to the Code. (*See precedents in case for Negligence, in* 2 *Chitty's Pleadings.   Hackford* v. *N. Y. Central &c., R. R. Co.*, 43 *How. Pr.* 222.)

Contributory negligence is matter of defence, and is

Robinson *v.* The N. Y. Central and Hudson River R. R. Co.

not to be affirmatively disproved in order to entitle the injured party to recover.

The case in this State, in which it is held that the plaintiff must disprove negligence on his or her part, is that of *Warner* v. *The N. Y. Central R. R. Co.*, (44 *N. Y.* 465,) and it was *obiter* in that case, and is not binding as authority.

In that case the judge, at the circuit, charged the jury, among other propositions, that the plaintiff will be presumed free from fault if nothing else appears in the case, because it cannot be supposed that a man would bring an injury upon himself. LEONARD, J., after stating the charge, proceeds to say : "There is no presumption of negligence against either party. It is the duty of the plaintiff to prove, and the right of the defendant who is charged with negligence causing the injury, that he should prove, by satisfactory evidence, that he did not contribute to the injury by negligence on his part. This proof, in some form, constitutes a part of the plaintiff's case."

If it be true that negligence is not presumed against either party, why should the plaintiff be required to disprove it before any evidence of it is given against him ? If it is not presumed against a plaintiff suing for negligence, it would be very difficult to discover a reason for requiring him to prove that he was not himself guilty of it. If there is no presumption in favor of a plaintiff that he is free from negligence, the charge of the judge at the circuit was erroneous ; and this was the only question before the Court of Appeals for decision. What is added, as to the proof to be made by the plaintiff was uncalled for, and is simply *obiter*.

The question as to whether the plaintiff must prove, affirmatively, in order to entitle herself to recover, that she was free from negligence which contributed to the injury has never been passed upon by the Court of Appeals in this State, except in the case just cited, and in the case of *Johnson* v. *The Hudson River R. R. Co.*,

( 20 *N. Y.* 65.) In the latter case the question of the *onus probandi* was discussed at very considerable length by Denio, J., with his usual ability and discernment. He says, at page 69 : "But I am of opinion that it is not a rule of law of universal application that the plaintiff must prove, affirmatively, that his own conduct on the occasion of the injury was cautious and prudent. The *onus probandi* in this, as in most other cases, depends upon the position of the affair as it stands upon the undisputed facts." And he illustrates his view thus : "If a carriage be driven furiously upon a crowded thoroughfare and a person is run over, he would not be obliged to prove that he was cautious and attentive, and he might recover though there were no witnesses of his actual conduct. The natural instinct of self preservation would stand in the place of positive evidence, and the dangerous tendency of the defendant's conduct would create so strong a probability that the injury happened through his fault that no other evidence would be required. But if one make an excavation, or lay an obstruction in the highway, which may or may not be the occasion of an accident to a traveller, it would be reasonable to require a party seeking damages for an injury to give general evidence that he was travelling with ordinary moderation and care."

The learned judge, after a somewhat extended discussion and examination of the cases, states the rule as deduced by him from analogy and the reported cases thus : "The true rule, in my opinion, is this, the jury must eventually be satisfied that the plaintiff did not, by any negligence on his own part, contribute to the injury. The evidence to establish this may consist in that offered to show the nature or cause of the accident, or in any other competent proof." * * * "It is not absolutely essential that the plaintiff should give any affirmative proof touching his own conduct on the occasion of the accident."

It will be seen, by an examination of the opinion, that the learned judge was troubled to reconcile what he calls an element in the definition of a cause of action for negligence, that the plaintiff must show himself free from any negligence which contributed to produce the injury; and the well settled principle of law relating to the *onus probandi;* and he finds himself constrained to declare that it is not absolutely essential that the plaintiff should give any affirmative proof touching his own conduct on the occasion of the accident.

This case surely furnishes no support to the position of LEONARD, J., in *Brown* v. *The N. Y. Cent. R. R. Co.,* *(supra.)* I do not believe any case can be found or supposed in which affirmative proof by a plaintiff that he was guiltless of negligence was required, unless the facts of the case were such as to authorize a jury to find him guilty of negligence ; or, in other words, that there was no means of rationally accounting for the accident except by imputing negligence to the plaintiff.

If a person should, in the day time, fall into an excavation in the travelled part of the highway, which was in plain view, it would be manifest that the accident could not have occurred unless the person injured had been guilty of negligence.   In such case the circumstances prove the concurring negligence, and the party, to recover, must prove that he exercised proper care and caution.

If lumber or other material is piled near to the travelled part of the highway, but not so as to interfere with persons passing, and a traveller passing in the night should run against or over it, and injure himself or his horse, it might be difficult to determine whether, from these facts alone, the injured party was or was not guilty of negligence ; and to avoid a verdict against him, prudence would require that he should show himself free from negligence.   Not because negligence is presumed

against him, but because it might be deemed to be proved by the circumstances attending the accident.

Let us suppose, in order to test the justice and wisdom of requiring the injured party to prove affirmatively that he was free from negligence contributing to the injury, as a part of his case, that a person is seen near the track of a railroad company, in health and not under the influence of· liquor, and immediately after the passage of a train of cars he is found mangled. and dead upon the track, and it is shown that the train was moving at great speed, and the whistle was not sounded, nor bell rung, nor other notice given of the approach of the train. In the case supposed, no one witnesses the stroke that kills. Now, how is the administrator of the deceased to recover against the company? He cannot prove that the deceased was not guilty of negligence concurring to produce the death. If it must be proved, in order to enable the plaintiff to recover, he is utterly remediless. Yet such is the practical result, if the doctrine in the case of *Brown* v. *The N. Y. Cent. R. R. Co.*, (*supra*,) is the law.

Let it be conceded that there is no presumption that a plaintiff is free from concurring negligence. Yet it is almost universally true that men will do· all that in them lies to protect their lives. We act upon that known principle in all the transactions of life; and it is difficult to understand why it should not be acted upon when a person has been injured or killed by the negligence of another.

Denio, J., had these considerations in mind when he said, in *Johnson* v. *The Hudson River R. R. Co.*, (*supra*,) that the absence of fault on the part of the plaintiff may be inferred'from circumstances; and the disposition of men to take care of themselves and keep out of difficulty may properly be taken into consideration.

In *Button* v. *The Hudson River R. R. Co.*, (18 N. Y. 248,) it was decided that in an action for injury result-

ing from the defendant's negligence, the burden was on the plaintiff to prove that he had not been guilty of negligence, but such negligence is not to be presumed, and therefore direct evidence to disprove it is not required from the plaintiff in the first instance. This, I have no doubt, is the true rule as to the burden of proof.

Now, if it be true that the plaintiff need not make affirmative proof that he was free from negligence, in the first instance, can it be true that such proof forms any part of his case, or any element of the cause of action?

And if it be true that freedom from negligence will not be presumed, why take into the account, in passing upon it, the well established rule of human conduct that men will so act as to protect life rather than to destroy or endanger it. If that principle is to be acted upon by the jury, what is it but a presumption that the plaintiff is not guilty of negligence tending to endanger life or limb?

It seems to me that we must hold the rule as to the burden of proof of the concurring negligence on the part of the plaintiff to be that the plaintiff must satisfy the jury, in order to entitle him to recover, that he was not guilty of negligence which contributed to produce the injury for which the action is brought, but he is not called on to make such proof in the first instance, unless the circumstances disclosed by his own witnesses tend to show him guilty of negligence.

When negligence is not thus established, it is to be affirmatively proved by the defendant.

In any view of it, it is purely matter of defence.

The rule is the same in cases of negligence as in other cases ; if the plaintiff's own evidence establishes a defence, the plaintiff, before he rests, must rebut it, or he will be nonsuited. The question is discussed with great clearness and ability in *Redfield & Sherman on Negligence*, § 43, &c., and the cases upon it are collected.

I have not examined either the English cases or those in the other States of the Union, because they are repudiated by the Court of Appeals, in *Johnson* v. *The Hudson River R. R. Co.*, (*supra*,) and a rule there adopted, which must govern the courts of this State, whatever their views may be as to the correctness of the conclusions arrived at in other States, or in England.

The charge was not that the jury must be satisfied, in order to find a verdict for the plaintiff, that she was not chargeable with concurring negligence, which they might do from the absence of any evidence tending to prove it ; but it was that it must be affirmatively proved by the plaintiff. By this language the jury were given to understand that they must find for the defendant unless the plaintiff, by evidence on her own part, disproved or rebutted negligence which was otherwise imputable to her, or, what is the same thing, presumed against her. Such is not the law.

This precise point was decided by this court in *Hackford* v. *The N. Y. Central R. R. Co.*, (43 *How. Pr.* 222,) and must be taken as the law, until a different rule shall be established by the Court of Appeals.

Second. The second branch of the charge presented for review is whether the plaintiff was responsible for the negligence of Caulon, with whom she was riding, by permission, and without paying therefor.

It is conclusively settled in this State, that a plaintiff injured by reason of a collision between two railroad trains, owned by different companies, caused by the negligence of the servants of one or both of said companies, is not responsible for the negligence of the servants of the company in whose cars he or she was riding. (*Colegrove* v. *The N. Y. & New Haven, and The N. Y. & Harlem R. R. Co.*, 20 *N. Y.* 492. *Chapman* v. *The New Haven R. R. Co.*, 19 *id.* 342. *Sheridan* v. *The Brooklyn &c. R. R. Co.*, 36 *id.* 39.)

The reason of this rule is that a passenger ought not

to be held responsible for the negligence of persons whom he does not employ and cannot discharge, and over whose conduct he has no sort of control.

It is said in *Sherman & Redfield on Negligence*, (§ 46,) that when the negligence of any other person is imputed to the plaintiff it must appear that such person was the plaintiff's agent in the transaction, and either that he was under the plaintiff's control, or that he controlled the plaintiff's personal conduct. * * * And unless the person whose fault is relied upon by the defendant as an excuse, was subject to the direction of the plaintiff, his fault cannot be properly chargeable upon the latter. Therefore a passenger in a public conveyance, such as a railroad car, ship or stage, is not precluded, by the mere fact that the injury was in part caused by the negligence of the person in charge of the vehicle in which he was travelling, at the time, from recovering against one whose negligence injures him.

In *Webster* v. *The Hudson River R. R. Co.*, 38 *N. Y.* 260,) Hunt, Ch. J., says: "The imputation to the plaintiff of the negligence of another, is based upon no sound principle."

If, then, the law is that a party injured is not responsible for the negligence of a person over whom he has no control, it would seem to follow that an injured party should in no case be responsible for the negligence of another, over whom, or whose conduct, he has no control.

It must be conceded that the English, and many American, cases hold a different doctrine; but the cases in this State establish the principles above stated.

It must not be overlooked, in passing on this question, that in the case of *Brown* v. *The N. Y. Cent. R. R. Co.*, (32 *N. Y.* 597,) it is said by DAVIS, J., that a majority of the judges were of opinion that the judge at the circuit was right in charging the jury that the plaintiff was responsible for the negligence of the driver of the stage

in which she was a passenger, and which collided with a train on the defendant's road, whereby the plaintiff was injured, was correct.

The case of *Webster* v. *The Hudson River R. R. Co.* has been decided since that of *Brown* v. *The N. Y. Cent. R. R. Co.*, and is to be taken as the law, if the cases cannot be reconciled.

The plaintiff had no more control over the conduct of Caulon, in the management of the horse and buggy than she would have had over the management of a steamboat or railroad train; and the same immunity from responsibility for his conduct must follow.

Had she ridden with a man who was known to her to be intoxicated, or physically or mentally incapable of managing a horse, other and different responsibilities might result. But nothing of that kind is pretended.

It seems to me, it is our duty to hold that the plaintiff was not, under the circumstances, responsible for the negligence of Caulon, leaving it to the court of last resort to declare the law applicable to the case.

Third. As to whether it was negligence in the defendant's servants to approach the crossing at the rate of sixty miles per hour, provided they rang the bell or sounded the whistle, as required by law.

The statute requiring a bell to be placed on the engine of railroad companies, and rung from a point eighty rods from the place where a railroad and a travelled road shall intersect on the same level, and shall be rung to such crossing, or a steam whistle sounded at intervals from a point eighty rods from the crossing, until it shall be passed, was passed in 1854.

What was the highest rate of speed at which trains were moved at that time we do not know; but it is reasonable to assume that it was at a rate which would enable a person, with a train approaching a crossing, to avoid danger before the train whose bell was rung or whistle sounded could reach the crossing.

Robinson *v.* The N. Y. Central and Hudson River R. R. Co.

To require a signal of danger to be made when it was too late to avoid it, would be to increase rather than lessen the risks that travellers run in crossing railroad tracks. A train moving at the rate of sixty miles per hour would run more than eighty rods in fifteen seconds. From this is to be deducted the time required for the sound to travel the eighty rods, and only about thirteen seconds would be left to the traveller to escape the train. A person whose horse was at the track might cross it, if no cause of detention arose, but if a few feet from the track, when the alarm was heard, he would neither have time to advance nor to turn back, as a prudent man would be likely to do rather than increase the danger that might be occasioned by the fright of the horse, resulting from the approaching train.

The law, as laid down by the judge at the circuit, would justify a speed of 100 miles per hour, and if a train moving at such a speed should comply with the statute requirement, the traveller would have but nine seconds after the signal was given before the train was upon him; surely it was never intended to subject the citizens to be slaughtered *ad libitum* by the railroad companies of the State.

It seems to me, therefore, that the protection of the public demands that the courts should compel railroad companies to approach highway crossings at such a rate of speed as will enable persons approaching such crossings to avoid danger, after the signal announcing the approach of the train is heard, and before the train reaches the crossing. It is negligence to move at any higher rate of speed.

The verdict must be set aside and a new trial ordered; costs to abide the event.

The other judges concurred, except in the last proposition.

New trial granted.

[Fourth Department, General Term, at Syracuse, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]