By the Court.—McAdam, J.
The learned judge in the court below, properly held that there was no force in the objection that plaintiff has not in his complaint affirmatively alleged that no negligence on his part contributed to the disaster, and that the allegation that the negligence of the defendant caused the injury carries with it the inference that such negligence alone was the cause. Urquhart v. City of Ogdensburg, 23 Hun, 75; Robinson v. N. Y. C. & H. R. R. Co., 65 Barb. 146, aff’d in 66 N. Y. 11; Lee v. Troy Co., 20 Week. Dig. 413; Hackford v. N. Y. C. R. R. Co., 6 Lans. 381, aff’d, 53 N. Y. 654; Hale v. Smith, 78 N. Y. 480; Lee v. Troy C. G. L. Co., 98 N. Y. 115. The judge put his decision on the ground that the plaintiff, though not a trespasser, was a fellow servant in a common employment with the engineer, and that no action would lie against the master of both. To sustain this proposition he cites Bolt v. N. Y. C. R. R. Co., 18 N. Y. 432; Malone v. Hathaway, 64 Ib. 5; Vick v. N. Y. C. & H. R. R. Co., 95 Ib. 267. These cases, particularly Bolt v. N. Y. C. R. R. Co., supra, seem to be decisive of the question involved. In that case, plaintiff was a track laborer, who was struck by a train while walking on the track on his way to his work. The court held, that while doing this particular act, he was a co-employee of the engineer for whose negligence the company was not liable. (See also Gillshannon v. Stonybrook R. *376 R. Co., 10 Cush. 228.) The rule is that all who serve the same master, work under the same control, derive authority- and compensation. from the same common source, and are engaged in the same general business, though it may be in different grades or departments of it, are fellow servants, who take the risk of each other’s negligence. Prima facie, all servants of a common master, employed in the railway service, are fellow servants, and neither has a cause of action for the negligence of another.
The rulings in other states, drawing a distinction between the grades of service, and giving a remedy to a laborer or clerk injured by an engineer (Chicago R. R. Co. v. O’Keefe, 47 Ill. 110; Ryan v. Chicago R. R. Co., 60 Ib. 170 ; Vallez v. R. R. Co., 85 Ib. 500; O’Donnell v. Alleghany R. R. Co., 59 Pa. St. 239), have never been approved in this state, and are contrary to its policy. We have endeavored .to distinguish this case from Bolt v. N. Y. C. R. R. Co., supra, but cannot.
The fact that the plaintiff slipped and fell, and was helpless upon the track when the warning was given by his co-laborers, only adds to the degree of negligence on the part of the engineer, and tends to establish more clearly freedom from fault upon the part of the plaintiff. It does not reach the underlying principle, too firmly established to be now questioned, that the plaintiff cannot recover for the negligence of a fellow servant, no matter how gross, and that the engineer guilty of the wrong came within that relation. For these reasons, and without seriously considering the second ground of demurrer, which seems to be without merit, the order and interlocutory judgment entered upon it must be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.