be applied, but the principle is not destroyed even if the application and the enforcement of it be difficult or impossible. Here it does not appear but what that portion of the steel viaduct outside of the 24 feet can be removed, and leave the balance standing; and, if it did, it would not make the slightest difference in determining or enforcing the rights of the parties. If A. constructed a building partly on his land and partly on the land of B., no one would seriously contend that, in ordering A. to remove that portion of it which encroached upon B.'s land, the court should order A. to tear down the entire building, on the theory that "the structure is an entire one." I can see no difference in principle between a building thus constructed and the structure of the defendants. The defendants had the legal right to build a part of the structure in precisely the way they built it. This we have decided. And, having that right, I do not see how they can be directed to take that part of it down, or to pay damages in lieu thereof. I think the damages to which the plaintiff is entitled by reason of the erection of the structure of which she now complains is the value of her easements of light, air, and access which have been impaired or of which she has been deprived by that part of the structure placed or erected upon the portion of the avenue lying outside of the 24-foot strip, and this only to the extent that the use to which the avenue has been put by the erection of the steel viaduct thereon is in excess of or different from that to which it was subjected and used by defendants for railroad purposes from 1873 to 1897. This is not the rule adopted by the trial court. The trial court directed that the entire structure be taken down, or, in lieu thereof, a specified sum in damages be paid.

For the foregoing reasons, I am unable to concur with the other members of the court. I think the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

---

### BOGARDUS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

NEGLIGENCE—PLEADING—ANSWER—CONTRIBUTORY NEGLIGENCE—STRIKING.

　　Where, in an action against a street railroad for injuries, the answer denied negligence on the part of defendant, and alleged that plaintiff had been guilty of contributory negligence, the striking out of the allegation of contributory negligence was not authorized by Code Civ. Proc. § 545, declaring that irrelevant and redundant matter may be stricken on motion of the party aggrieved thereby, since, while the allegation was not essential, it could not prejudice plaintiff.

Appeal from special term, New York county.

Action by Ellen J. Bogardus against the Metropolitan Street-Railway Company. From an order striking out a paragraph of the answer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

John T. Little, for appellant.
James A. Douglas, for respondent.

LAUGHLIN, J.   The complaint alleges that plaintiff was a passenger on one of defendant's cars, and that while she was alighting therefrom, "without any fault, carelessness, or negligence on her part," the defendant negligently started the car, precipitating her upon the ground and inflicting injuries, to recover damages for which this action is brought.  The answer denies specifically these allegations of the complaint, and then, in the fourth paragraph, alleges affirmatively that "whatever damages and injuries were sustained by the plaintiff at the time and place mentioned in the complaint were due to the negligence of the plaintiff, and were not the result of any negligence on the part of this defendant, its agents, servants, or employés."  The strict rules of common-law pleading left slight opportunity for immaterial allegations.  1 Chit. Pl. *252.  The practice of striking out immaterial allegations as "impertinent" was more common in the court of chancery.  Story, Eq. Pl. § 863.  When the Code of Procedure supplanted the common-law and chancery practice, it was expressly provided that irrelevant and redundant matter might be stricken out on motion of the "person aggrieved thereby."  Code Civ. Proc. § 160.  This provision was continued in section 545 of the Code of Civil Procedure.  The requisites of an answer are prescribed in section 500 of the Code of Civil Procedure, and it may be conceded that the matter stricken out by the order appealed from was not essential.  It does not follow, however, that a pleader has no discretion in formulating his defense.  In Park & Sons Co. v. National Wholesale Druggists' Ass'n, 30 App. Div. 508–510, 52 N. Y. Supp. 475, 476, the court say:

"Ordinarily, however, a person should be left free to frame his own pleading so far as the rules of good pleading will permit, and matter which is claimed to be irrelevant and redundant should be stricken out only when the moving party is actually aggrieved by it.  The irrelevancy must be clear, and the redundancy unquestioned, before the portions complained of will be eliminated."

Tested by these criteria, the allegations in question should not have been stricken out.  They can in no manner prejudice the plaintiff.  If these allegations constituted an affirmative defense, they would be expressly authorized by the Code.  While it is well settled that in negligence cases the burden is upon the plaintiff to show that the injuries complained of were caused solely by the negligence of the defendant, and this requires proof showing freedom from contributory negligence on the part of the plaintiff, yet it is not incumbent upon the plaintiff to affirmatively allege freedom from contributory negligence.  Hackford v. Railroad Co., 6 Lans. 381; Robinson v. Railroad Co., 65 Barb. 146; Lee v. Gaslight Co., 98 N. Y. 115.  The practice of inserting such allegations in the answer doubtless originated owing to the fact that it was unnecessary for the plaintiff to affirmatively allege freedom from contributory negligence, and at a time when it had not been definitely settled whether or not contributory negligence was an affirmative defense.  Inas-

much as the pleadings are before the court, and may be referred by counsel during the trial and in summing up, without being offered in evidence, there is no propriety in disturbing the general practice of allowing a defendant in a negligence case to account for the accident, where it may be done truthfully, by alleging that it was caused through the negligence and carelessness of the plaintiff, without fault or negligence on the part of the defendant.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion. denied, with $10 costs. All concur; HATCH, J., in result.