(75 App. Div. 606.)

### MURPHY v. HOPPER.

(Supreme Court, Appellate Division, First Department. November 14, 1902.)

1. SERVANTS—PERSONAL INJURIES—COMPLAINT.
   In an action for personal injuries, the complaint alleged that, while plaintiff was working in a shaft pursuant to orders, an iron bucket gave way, through imperfect appliances and the gross carelessness of defendant and his agents, and fell on plaintiff, injuring him. *Held* to state a cause of action.

2. LIMITATION OF COMPLAINT—COLLOQUY WITH COURT.
   In view of the allegations as to defective appliances, a colloquy with the court, in which plaintiff's counsel stated that the negligence complained of was that of a fellow servant, was not sufficient ground for dismissing the complaint, where counsel did not expressly limit the right of recovery to negligence of a fellow servant, but also referred to an alleged defect in the appliances.

3. SAME—OPENING ADDRESS TO JURY.
   A claim that the opening address of plaintiff's counsel so limited the allegations of the complaint as to prevent a recovery and justify dismissal could not be sustained on appeal where the address was not included in the record.

Appeal from trial term, New York county.

Action by Owen Murphy against Isaac A. Hopper. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jonathan Marshall, for appellant.

Frank V. Johnson, for respondent.

INGRAHAM, J. The action was brought to recover for the injuries sustained by the plaintiff in the employ of the defendant, and engaged in making excavations for the foundation of a wall of a building in 130th street, New York City. The complaint alleges that, pursuant to the orders of the defendant and his agents, the plaintiff with other laborers was engaged in excavating the earth for the foundation of said wall or abutment, "and, while so engaged in said shaft or pit, through the gross negligence and carelessness of said defendant and his agents the machinery and appliances for letting down and lifting up the iron bucket for raising the earth and other material excavated from the shaft gave way, through imperfect appliances and gross carelessness of the defendant and his agents in charge thereof, and let fall

the heavy iron bucket, not properly attached to the lift, into the shaft or pit in which this plaintiff was at work under the orders of defendant and his agents, and in its descent it fell upon this plaintiff," causing him injuries for which he seeks to recover in this action. The case came on for trial, and the record states that counsel for the plaintiff opened the case on behalf of the plaintiff, and that, at the close of the opening, counsel for the defendant moved to dismiss the complaint on the pleadings and opening. The opening of counsel is not printed in the record, and just what it was that counsel said upon which the motion was based, is not disclosed. The complaint alleges a good cause of action, and it certainly should not have been dismissed, unless in the opening the claim of the plaintiff that the defendant was negligent was expressly limited so that the allegations of the complaint must be assumed to have been modified by a statement of the facts which counsel expected to prove, and upon which he based his cause of action. It is claimed, however, that, in consequence of a subsequent colloquy between counsel for the plaintiff and the court, the court was justified in dismissing the complaint; but as the complaint alleges a good cause of action, which was dismissed upon the opening, that dismissal cannot be sustained where the opening is not a part of the record, so that the court on appeal can determine that the allegations of the complaint were expressly limited by opening, and that, upon the facts therein stated as the only facts that the plaintiff could prove, there was no cause of action. In this colloquy between the court and counsel for the plaintiff, it does appear from the statement of counsel that the negligence complained of was that of a fellow servant of the plaintiff, for whose negligence the defendant was not liable. The plaintiff's counsel, however, in stating the facts upon which he based his right to recover, did not expressly limit his right to the negligence of a fellow servant. Plaintiff's counsel stated:

"The chain was fastened with a hook, without any fastening to the hook. It was simply hooked to the bucket, and held on the same as that pencil hangs on my hand. When it went down and struck this beam, the hook had no more control of the bucket, and the bucket fell back, and, instead of going into the hole, where it ought to go, it went back where it happened to go, and fell on the workmen there. The chain, as I understand it, did not break, but it did, for some cause, with the engineer who had charge of the engine and the derrick, fall suddenly."

In view of the allegations of the complaint that directly charge the cause of the accident to imperfect appliances and gross carelessness of the defendant and his agents in charge thereof, I do not think that on this statement alone the court was justified in dismissing the complaint. If counsel's opening had the effect of limiting the express allegations of the complaint, that opening should have been supplied; but, in the absence of what counsel said in his address to the jury, we cannot say that the colloquy between counsel for the plaintiff and the court justified the court in dismissing the complaint.

We think, therefore, that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.