### BOUGH v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. CARRIERS—PASSENGERS—EJECTION—MISCONDUCT—ISSUES—SUBMISSION.
   Where, in an action for ejecting a passenger, plaintiff alleged that the ejection was without any fault or negligence on his part, which was denied by the answer, and proof of misconduct of plaintiff was introduced, it was error to refuse to submit the issue on the ground that the only defense alleged or stated in defendant's opening was that plaintiff was not a passenger at the time of his ejection.

2. SAME—EVIDENCE.
   Where plaintiff alleged that he was ejected from defendant's street car without any fault on his part, which was denied by the answer, it was error to exclude evidence that complaint was made to the conductor by a passenger in the car as to the language plaintiff used before ejection, on the ground that the only defense pleaded was that plaintiff was not a passenger by reason of his failure to pay fare.

3. SAME—DAMAGES—EVIDENCE.
   In an action for ejection of a passenger, evidence of improper conduct by plaintiff was admissible in mitigation of damages.
   Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by William J. Bough, Jr., against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Arthur Ofner, for appellant.
Jacob Fromme, for respondent.

HATCH, J. This action was brought to recover damages sustained on account of a wrongful ejectment and assault alleged to have been committed upon the plaintiff by the servants of the defendant while he was a passenger upon a south-bound Eighth avenue car on the 7th day of October, 1899. Upon this appeal the defendant urges as ground for reversal that the court erred in refusing to permit the defendant to go to the jury upon the issue as to whether the alleged ejec-

¶ 3. See Carriers, vol. 9, Cent. Dig. § 1478.

tion of the plaintiff was not justified by reason of improper and disorderly conduct on his part, and that errors were committed in the reception and exclusion of evidence. The complaint averred that the ejection of the plaintiff was without any fault or negligence upon his part. This was put in issue by a denial thereof, contained in the answer, and proof was given of the misconduct of the plaintiff. An issue was, therefore, properly presented for solution by the jury. The court limited the defendant to the question as to whether the plaintiff had paid his fare and whether he was assaulted, and denied the application to go to the jury upon the issue of improper conduct. The ground of the court's ruling was that no such statement was made in the opening address of defendant's counsel to the jury, and that it was not alleged as a defense. The opening is not returned in the printed case, so that we have nothing before us from which to determine what it was. This question, therefore, must be settled by the pleadings, the evidence and the rulings of the court. Murphy v. Hopper, 75 App. Div. 606, 78 N. Y. Supp. 657; Kley v. Healy, 127 N. Y. 555, 28 N. E. 593.

The averment in the complaint that the ejection of the plaintiff from the car was without any fault or negligence upon his part was a proper plea of a fact which the plaintiff was required to establish in order to recover. Bogardus v. Met. St. R. R. Co., 62 App. Div. 376, 70 N. Y. Supp. 1094. It was, therefore, material, and, in the absence of a denial of the averment or matter in avoidance, it would stand admitted, and conclude the defendant. People ex rel. Cornell v. Knox, 38 Hun, 238; Staten I. M. R. R. Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545. This averment of the complaint was put in issue by the denial contained in the answer. This issue was, therefore, material.

Upon the trial evidence was given tending to show that the plaintiff, after he had boarded the car, was guilty of abusive language and of misconduct. In this connection, McAvoy, the conductor, was asked: "Q. Was any complaint made to you by any of the passengers as to the language this man was using?" To this question the plaintiff interposed an objection, and a colloquy between the court and counsel for the defendant followed, in which the court stated that it understood the contention of the defendant to be that it had the right to remove the plaintiff because he refused to pay his fare. Counsel for the defendant replied, "Also that his conduct was objectionable to the passengers who were upon the car." Counsel for the plaintiff then stated: "There is nothing of that kind pleaded. The Court: Objection sustained. You stand on his refusal to pay his fare and your right to put him off. Mr. Coyne: I except to that, and also to the statement of the court that we stand upon our right to put him off on account of his refusal to pay his fare." Substantially the same question was subsequently asked by the defendant, and upon objection was excluded upon the ground that it was not pleaded. This testimony was not objectionable for the reason assigned which procured its exclusion. It might be considered in connection with the abusive language which the conductor testified the plaintiff used, as it bore upon the issue tendered by the plaintiff and controverted by the defendant under its denial.

At the close of the case the defendant asked to go to the jury upon the question of unbecoming conduct, as well·as the right of the company to eject the plaintiff for failure to pay his fare. The plaintiff objected, upon the ground that defendant had not alleged it. "The Court: You have not alleged it. In your opening to the jury you based your defense on the failure to pay his fare." Defendant's Counsel: "Not entirely, your honor. The Court: By your pleadings you simply take issue on the fact whether he was a passenger or not." The motion was then denied, and the defendant excepted. This ruling was error. We have seen such question was within the issues. Some testimony had been given bearing thereon. Other testimony offered upon that subject was excluded because not pleaded. As this question was, therefore, fairly in the case, it was error to refuse to submit to or permit the defendant to go to the jury upon such question. The evidence offered also bore upon the question of damages. If it had appeared that the plaintiff so far misconducted himself as to require his ejection from the car, such fact might be proven in mitigation of the damages which might be awarded if the defendant might have been shown to be liable in using more force than was necessary to remove the plaintiff from the car.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except PATTERSON, J., who dissents.