### McGARAHAN v. SHERIDAN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. EQUITY—SPECIFIC PERFORMANCE—WEIGHT OF PROOF REQUIRED.

Clear and satisfactory evidence is required to warrant a decree for specific performance of a contract to convey or devise lands.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 387–395.]

2. EQUITY—PLEADING—IMMATERIAL FACTS.

In a suit in equity the pleader is not confined with the same degree of strictness to alleging the material facts only, as in an action at law.

3. SAME—MATTER OF INDUCEMENT.

Plaintiff sued for specific performance of a contract whereby certain land was to be deeded or devised to her in consideration for services rendered the deceased owner, and a paragraph of the complaint alleged that the services were of a peculiar nature, but were of great benefit to the

decedent. Another paragraph alleged that decedent left no relatives to whom she owed any duty, and another that part of the proceeds of a sale of some of the land was by mutual consent of plaintiff and decedent deposited in a trust company to their joint account, and used in improving the real estate. *Held*, that such paragraphs were matter of inducement, and, not being prejudicial to defendants, the heir and administrator, it was error to strike them out.

Appeal from Special Term, New York County.

Action by Ellenor McGarahan against John Sheridan and others. From an order striking out part of the allegations of the complaint as irrelevant and redundant, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Michael J. Joyce, for appellant.

Thomas E. O'Brien, for respondents.

LAUGHLIN, J. The plaintiff alleges that between the years 1870 and 1880 she resided with one Michael Healy as a member of his household, and at his request performed for him certain offices of a domestic character, and advanced moneys to him for the maintenance and improvement of certain real property described in the complaint upon the understanding and agreement that she should have an interest therein; that in 1891 he deeded the property to his daughter, Eliza J. Healy, upon the express agreement that it should be held for her benefit and for the benefit of the plaintiff during their joint lives, and in the event that the daughter predeceased the plaintiff that the plaintiff should become the sole owner of the property; that in the year 1894 the said Eliza J. Healy contracted with the plaintiff, concerning said property, that if the plaintiff should continue to live with and care for her, and manage the property and interests of said Eliza J. Healy as long as she should live, the said Eliza J. Healy would give and leave the said real property to the plaintiff; that the plaintiff fully performed said several agreements on her part, and the said Eliza J. Healy died without conveying or leaving said real property to the plaintiff. The action is brought against the heirs and administrator of said Eliza J. Healy for specific performance of the agreement; and for a decree directing her administrator to pay over the proceeds of the sale of one parcel of the property sold and conveyed by said decedent in her lifetime; and a receiver of the rents and an injunction pendente lite are demanded.

Paragraph 6 of the complaint, which has been stricken out, alleges that the services rendered by the plaintiff to the decedent were of a peculiar nature, and of such a character that they cannot be readily measured, and are not capable of exact ascertainment or value in money, but were of great value and benefit to the decedent, and were so appreciated and regarded by her. The allegations of paragraph 7 of the complaint, stricken out, are to the effect that the decedent left no relatives who had resided with her, or who were dependent upon her, or to whom she owed any legal or moral duty to care or provide for, or who were in any manner entitled to a

claim upon her bounty, or lived on terms of intimacy or cordiality with her or with her father. The allegations of paragraph 10, stricken out, are to the effect that part of the proceeds of the sale of one of the parcels was by the mutual consent of both the decedent and plaintiff and by them both deposited in a vault of the Knickerbocker Trust Company, to which the decedent and the plaintiff each received and retained a key, and part were by them deposited in the Emigrant Industrial Savings Bank, and part was used and expended in the payment of certain charges against the properties in question and incidental expenses connected therewith, and part was expended by like consent as a gift for a church altar. It is to be borne in mind that this is a suit in equity, and one of the class where clear and satisfactory evidence is required to warrant a· decree for specific performance. It has often been held that in a suit in equity the pleader is not confined with the same degree of strictness to alleging the material facts only as in an action at law. First Presbyterian Church v. Kennedy, 72 App. Div. 82, 76 N. Y. Supp. 284. In the main the allegations stricken out are allegations of inducement, and are permissible in a complaint in equity. The defendants are not aggrieved by the allegations, and, on the contrary, it would seem that by disclosing the plaintiff's theory of the basis for the contract the defense would be benefited by being the better enabled to prepare to meet the plaintiff's proof. The suit being in equity, and it not appearing that the moving party was prejudiced by these allegations, they should not have been stricken out. Bogardus v. Met. St. Ry. Co., 62 App. Div. 376, 70 N. Y. Supp. 1094; Rockwell v. Day, 84 App. Div. 437, 82 N. Y. Supp. 993; Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244.

It follows, therefore, that the order, in so far as it is appealed from, should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.