BUCHER v. PRYIBIL.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

1. MASTER AND SERVANT—INJURIES TO EMPLOYE—DANGEROUS PREMISES—
QUESTION FOR COURT.
In an action for personal injuries to one employed to operate an elevator, it appeared that the check rope by which the elevator was started and stopped became detached, and fell on plaintiff; that it did not bear any of the weight of the elevator car, but was suspended from the roof by a hook; and that the cause of the accident was the straightening of the hook, so that it slipped out of such eye. *Held*, that there was nothing to go to the jury on the question of the improper construction of the elevator.

2. SAME.
It appeared that, about a week before the accident, the elevator was examined by an expert who was engaged exclusively in inspecting elevators; that he found it in good condition; that he particularly examined such hook; and that there was nothing to indicate that the hook was worn. He testified that, if the hook had been worn, it would have broken, and not straightened out; and his testimony was unquestioned. *Held*, that there was nothing to go to the jury on the question of defendant's alleged neglect to keep the apparatus in proper condition.

Williams, J., dissenting.

Appeal from trial term, New York county.

Action by Xaver Bucher against Paul Pryibil for personal injuries caused by defendant's negligence. From a judgment entered on a verdict directed by the court in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Sumner B. Stiles, for appellant.
G. R. Hawes, for respondent.

PATTERSON, J. This action was brought to recover damages for personal injuries sustained by the plaintiff while employed by the defendant, and while he was engaged in operating a freight elevator used by the defendant in his business, and upon premises occupied by him. The court below directed a verdict in favor of the defendant, and from the judgment entered upon that verdict this appeal is taken.

The right of the plaintiff to recover was put upon two grounds: First, the improper construction of the elevator; and, second, neglect on the part of the defendant, the employer, to maintain it in good condition. The accident which resulted in the plaintiff's injuries consisted in the falling of the check rope or wire cable by which the elevator was started and stopped. According to the testimony of the plaintiff, this rope became detached, and fell upon him. It did not bear any of the weight of the elevator car, but was suspended from a pulley near the roof, where it was secured by a hook that went into an eye or ring fastened to a turn buckle. The cause of the accident, undoubtedly, was not the breaking of the hook, but the straightening thereof, so that it slipped out of the eye or ring, causing the wire rope or cable to fall. There is nothing whatever in the evidence to show that there was any faulty construction of this elevator,

or that it was not an entirely safe apparatus if in proper condition. Nor was the evidence sufficient to go to the jury upon any question of neglect on the part of the defendant to keep the apparatus in proper condition. The duty of the master to inspect and examine the machinery which his employés are set to work upon is very plain. It not only includes the necessity of an examination or inspection by a competent person, but it also involves the requirement that that inspection shall be careful and sufficient. It appears by uncontradicted testimony in the case that the elevator and every appurtenance of it were examined by an expert in such machinery only about a week before the accident occurred. The person who made the examination was engaged exclusively in the business of inspecting elevators. At the time he made the examination, he had some seven or eight hundred elevators under his charge as inspector. He inspected from six to eight elevators a day. He went all over this elevator, sounded all the sheaves and bearings, and spent from an hour to an hour and a half in making the examination. He found it in good condition. He particularly examined the hook. He examined every part of the hook and other parts of the machinery, and the pulley on the top, and the check rope all the way along; and there was nothing then to indicate even that the hook was worn, and the testimony of the inspector is that, if the hook had been worn, it would not have straightened out, but that there would have been a fracture. There is nothing whatever, not even circumstantial evidence, to draw in question the accuracy of this testimony of the inspector, or to impair its force in any respect. The master performed his full duty, and everything was done that was required of him, even under the rule as laid down in Durkin v. Sharp, 88 N. Y. 226. The inspection was made only a week or so before the accident occurred, and the court below was right in directing a verdict for the defendant.

Judgment should be affirmed, with costs. All concur, except WILLIAMS, J., dissenting.