(99 App. Div. 262)

STACKPOLE v. WRAY.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—MACHINERY—CARE REQUIRED.
    While a master is bound to use reasonable care in providing reasonably safe and suitable machinery, there can be no recovery for injuries to a servant, sustained from defects of such machinery, unless the master had knowledge thereof, or, in the exercise of reasonable care, could have acquired such knowledge.

2. SAME—RES IPSA LOQUITUR.
    Plaintiff, a servant, was injured by the fall of a freight elevator in defendant's storehouse, which had been in common use and had worked

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 243.

satisfactorily for five years, and had shown no indication of being out of repair. At the time of the fall it was not overloaded, and the cause of the fall was not shown. Defendant's superintendent also testified that machinists had made repairs on the elevator when necessary from time to time. *Held*, that the happening of the accident under such circumstances was not prima facie evidence of negligence, under the doctrine of res ipsa loquitur.

O'Brien and Hatch, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by William Stackpole, as administrator of the estate of Timothy Stackpole, deceased, against John H. Wray. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HATCH, McLAUGHLIN. O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Everett V. Abbot, for appellant.
Eugene Lamb Richards, Jr., for respondent.

INGRAHAM, J. This action was before this court upon a former appeal by the defendant from a judgment entered upon a verdict of a jury, reported in 74 App. Div. 310, 77 N. Y. Supp. 633; and we there held that, upon all the evidence, the jury were not justified in finding that the accident happened from the defendant's negligence. Upon the new trial the court dismissed the complaint upon plaintiff's case, and the plaintiff appeals.

It seems that the plaintiff's intestate was in the employ of the defendant, who was the owner of a building in which he conducted his business, at No. 7 Vesey street, in the city of New York. In this building there was a freight elevator used for carrying merchandise in the building. The plaintiff's intestate, a porter, in the employ of the defendant, was upon this elevator, and, with another porter, had loaded the elevator with six bales of sheeting. The two men then started with the elevator to take these bales to the sixth floor. At the third floor the elevator was stopped to get a hand truck, and, as the elevator was started to ascend, it dropped, and the plaintiff's intestate was killed. The load taken was an ordinary load, the same as had been taken many times before. This elevator was constructed about the year 1895, and since that time down to the time of the accident, on the 10th of September, 1900, it had been in constant use. During all the time that it has been in use there had been no indication that anything was wrong with it until the accident. The elevator had always before stopped when the brake was applied, but upon this occasion the brake did not work. There is nothing to show negligence of the defendant, unless, by the application of the maxim res ipsa loquitur, the jury would be justified in finding the defendant guilty of negligence in the absence of explanation. The case is to be governed by the legal principles that are applicable to the relation of employer and employé. Where that relation exists, the law imposes upon the master certain duties towards those in his employ, a neglect to perform which renders the master liable. Thus the master owes to his servants the duty of providing them with a reasonably safe place in which to work, and of maintaining it in a reasonably safe

condition during the employment; but the master is ordinarily entitled to the presumption that he has furnished a safe place to work in, and has maintained it in that condition. The mere happening of an accident will not be sufficient to raise an inference that the master has failed to use the ordinary care in the performance of his duty. Am. & Eng. Enc. of Law (2d Ed.) vol. 20, p. 70. The master is also bound to use reasonable care and prudence for the safety of those in his employ, in providing them with machinery and appliances reasonably safe and suitable for their use. This rule, however, imposes on the master only the obligation to use reasonable and ordinary care, skill, and diligence in the matter of machinery and appliances; and there can be no recovery for injuries sustained from defects of such machinery and appliances unless the master had knowledge thereof, or unless, in the exercise of reasonable care, he should have had such knowledge. 20 Am. & Eng. Enc. of Law (2d Ed.) p. 78. The question, therefore, is whether, upon the testimony produced by the plaintiff, there was evidence to justify a finding that this freight elevator was unsafe for the purposes for which it was used, and whether the master had knowledge, or should have had knowledge, of such a condition.

Freight elevators are common appliances in buildings used for manufacturing purposes. It was not an obviously dangerous machine, and when properly handled it was quite safe for the use of the master's employés. This elevator had been in use for five years without an accident of any kind, and without any indication that it was unsafe. In Stringham v. Hilton, 111 N. Y. 118, 18 N. E. 870, 1 L. R. A. 483, the plaintiff was injured by the fall of a freight elevator, and in discussing the obligation of the master the court said:

"There is nothing to show that, when used with ordinary and reasonable care, there was any reason to suppose harm or mischief could result from it. This fact brings the case directly within the rule that when an appliance or machine not obviously dangerous has been in daily use for a long time, and has uniformly proved adequate, safe, and convenient. its use may be continued without the imputation of imprudence or carelessness."

What fact, then, in this case, is there to justify a finding that this defendant was guilty of negligence? Two porters in the employ of the defendant had testified that they did not know of the machine being inspected, but the superintendent of the defendant, called for the plaintiff, testified that machinists had from time to time made repairs upon the elevator when necessary. The plaintiff's witness also testified that prior to the accident there had been no indication of any kind that the machine was not in perfect order. There is here, therefore, no ground upon which the jury could find that the defendant had failed to perform the duty of inspection. For the first time, upon the day of the accident, the machine, which had always worked properly, failed from some cause unexplained. Thus an appliance which is in common use, and which for five years had worked satisfactorily, and had shown no indication of being out of repair, failed to work. There was no negligence in continuing the operation of this machine, as the defendant had a right to assume that it would continue to work

as it had worked prior to that time. There was no evidence that the machine itself was out of order, except what may be inferred from the accident itself. There was no notice to the defendant that there was anything wrong with the machine. What reason, therefore, exists for the application of the maxim res ipsa loquitur?

Assuming that this maxim would be applicable in the case of an injury of an employé, in an action against the master, under the same circumstances in which it would be applicable in any other case, what was said in Shearman & Redfield on Negligence, § 59, quoted with approval in Griffen v. Manice, 166 N. Y. 189, 59 N. E. 926, 52 L. R. A. 922, 82 Am. St. Rep. 630, applies:

"It is not that, in any case, negligence can be assumed from the mere fact of an accident and an injury; but in these cases the surrounding circumstances which are necessarily brought into view by showing how the accident occurred contain, without further proof, sufficient evidence of the defendant's duty, and of his neglect to perform it. The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer."

And as was said by Judge Cullen in that case:

"Neither of these rules—that a fact may be proved by circumstantial evidence as well as by direct, and that, where the defendant has knowledge of a fact, but slight evidence is requisite to shift on him the burden of explanation—is confined to any particular class of cases, but they are general rules of evidence applicable wherever issues of fact are to be determined either in civil or criminal actions. * * * But the question in every case is the same—whether the circumstances surrounding the occurrence are such as to justify the jury in inferring the fact in issue. * * * This is the principle which underlies the maxim of res ipsa loquitur. When the facts and circumstances from which the jury is asked to infer negligence are those immediately attendant on the occurrence, we speak of it as a case of res ipsa loquitur; when not immediately connected with the occurrence, then it is an ordinary case of circumstantial evidence."

To justify the application of the maxim, therefore, the proof of the accident must in itself justify an inference that the accident would not have happened if the defendant had exercised the care and prudence which the law requires of him under the circumstances of the particular case. Now, as I read the testimony in this case, there is no evidence to justify such an inference. So far as appears, the elevator was of a kind in common use in buildings of this kind. It had been in use for five years without any indication that it was out of order. It had been repaired by mechanics when repairs were necessary. The man in charge of the elevator had been managing it for years without an accident. It was being used in the ordinary business, with an ordinary load, when it fell, and the evidence does not disclose what caused it to fall. The facts and circumstances surrounding the accident fail to show, as I view them, any reason for the application of the maxim, and the mere happening of the accident is insufficient to justify a verdict that the defendant was negligent.

It follows that the judgment appealed from must be affirmed, with costs.

McLAUGHLIN and LAUGHLIN, JJ., concur.  O'BRIEN and HATCH, JJ., dissent.