(100 App. Div. 393)

STARER v. STERN et al.

(Supreme Court, Appellate Division, First Department.　January 20, 1905.)

1. TRIAL—SETTING ASIDE VERDICT—APPEAL—GROUNDS FOR AFFIRMANCE.

An order setting aside a verdict and granting a new trial must be affirmed on appeal if sustainable on any ground, though the ground assigned by the trial judge is untenable.

2. SERVANTS' INJURIES—NEGLIGENCE—FALL OF ELEVATOR—EXPERTS—EVIDENCE—ADMISSIBILITY.

Where, in an action for the death of a servant from the fall of an elevator in which he was riding, it appeared that some of the teeth in the spring safety device were off altogether and that others had been worn, it was error to sustain objections to questions put to plaintiff's expert as to the least amount of time it would take to produce such condition if the safety device was subjected to the greatest amount of use and wear, and whether the condition could have been produced by the fatal fall.

3. SAME—EVIDENCE—ADMISSIBILITY.

It was error to exclude evidence how the safety device operated when in order and how the cables of the elevator might be affected by the manner of its operation.

4. SAME—EVIDENCE—ADMISSIBILITY.

In an action for the death of a servant from the fall of an elevator in which he was riding it appeared that, if a certain lever connected with the machinery of a safety device was blocked up, it would prevent the device from working. There was evidence that the machinery remained in the same condition for a long time after the accident. *Held*, that it was error not to permit a witness, who visited the machinery about half an hour after the accident, to point out on a model of the machinery where he saw a piece of wood, and not to permit a witness who examined the machinery about four days after the accident to testify as to whether he found a wrench or block of wood under the safety device.

5. SAME—INSPECTION—NEGLIGENCE.

Where, in an action for the death of a servant from the fall of an elevator, experts differed merely with reference to the sufficiency of the inspection of the elevator, a ruling that defendant could not be held liable for his failure to adopt all the methods of inspection testified to by the experts was erroneous, inasmuch as it could not be said as a matter of law that the jury would not be justified in finding that the inspection, to be sufficient under all the circumstances, should have been as complete as required by the testimony of any or all the experts.

6. SAME—DUTY OF INSPECTION—DELEGATION.

A master using an elevator on his premises cannot delegate his duty to properly inspect the same.

7. SAME—FALL OF ELEVATOR—RES IPSA LOQUITUR.

The fact that a servant was killed by the fall, without any apparent cause, of a freight elevator in which he was riding, does not render the master liable under the doctrine of res ipsa loquitur.

Appeal from Trial Term, New York County.

Action by Ida Starer, as administratrix of Littman Starer, deceased, against Anton Stern and others. From a judgment setting aside a verdict in favor of defendants and granting a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frank V. Johnson, for appellants.
Charles Goldzier, for respondent.

LAUGHLIN, J. This is a statutory action to recover for the death of Littman Starer by the fall of an elevator. The appellant was the lessee of two floors of the building known as No. 691 Broadway, in the city of New York, and conducted therein the business of making clothing. There were two elevators in the building— a passenger elevator in front, and a freight elevator in the rear. The decedent was in the employ of the appellant as a pieceworker, doing his work, however, upon the premises. On the day in question he came to the premises either for the purpose of working or inquiring whether further work for him was ready, and was riding up in the freight elevator. It was shown by the testimony of the elevator operator that he started in the usual way, and was exercising due care, but that after the elevator had ascended several stories it suddenly fell and grounded, inflicting injuries upon the decedent which resulted in his death. Pursuant to an arrangement between the appellant and other tenants of the building, the elevator was operated for their mutual convenience and benefit, but under the direction and supervision of the appellant, who hired the operator. Evidence was adduced in behalf of the plaintiff tending to show that the employés of the appellant to his knowledge, and by his direction, had for a long time been accustomed to use this freight elevator in going to and from their work; and that in the morning and at the close of the day the elevator was used for quite a period of time almost exclusively in carrying employés up and down. On the part of the appellant it was shown that there was a sign on the elevator, placed there by the elevator insurance company, forbidding the use of the elevator by passengers; that there was a stairway in the immediate vicinity of the elevator, leading to the different floors; and that he had given the elevator boy instructions not to carry employés. It appeared that this elevator had been equipped with two appliances designed to prevent accidents such as happened. The one is known as a "spring safety device," which, if in proper working order, will stop the fall of the elevator in the event of the breaking of a cable, or any considerable slacking thereof, by imbedding teeth in the wooden guide posts on either side of the elevator. The other is known as a "slack cable device," which is situate in the cellar, at the bottom of the elevator, just under the drum around which the cable winds. This device consists of a lever so located that, if the cable became slack to such an extent as to endanger its getting off the drum, it would touch

this lever, and its weight would lower the lever a little, which, through mechanical devices, would result in shutting off the power, and, if the cables were intact, this would stop the elevator wherever it happened to be. Neither of these safety devices worked upon this occasion. After the accident the cables were found broken and wound around the drum, the power being still on and the drum revolving. There was evidence from which the inference might be drawn that this was caused by a slack cable, which got off the drum without striking the lever and throwing off the power, and then became entangled in the rapidly moving machinery; and there was also evidence that some of the teeth of the spring safety device were worn and that others "were off" entirely.

The learned justice who presided at the trial filed an elaborate opinion on granting the motion for a new trial, assigning as his reason therefor that the doctrine of res ipsa loquitur was applicable, and that he had not so instructed the jury. The rule in such case is, however, that the order must be affirmed if it be sustainable upon any ground, even though the ground assigned by the trial judge be untenable. We are of opinion that this order should be affirmed. Aside from the question of the application of the maxim res ipsa loquitur, there are other exceptions taken by the plaintiff which required the granting of a new trial. After showing that some of the teeth in the cam in the spring safety device were off altogether, and that others had been worn, an expert called by the plaintiff was asked the least amount of time it would take to produce this condition if the cam was subjected to the greatest amount of use and wear and tear; and also whether that condition could have been produced by the fall of the elevator on this occasion. These questions were objected to as immaterial, irrelevant, and incompetent. The objections were sustained, and the plaintiff excepted. We are of opinion that this was error. The testimony, if admitted, might have shown that the cam must have been in use for a long period, and that the wearing away of the teeth from ordinary use would be very gradual, which would indicate that it might have been discovered and repaired before they became so worn as to be useless. Other evidence, tending to show how these safety devices operate when in order, and how the cables may be affected by the manner in which the elevator is operated, was likewise erroneously excluded. A witness who went down in the cellar from 15 to 25 or 30 minutes after the accident, and looked at the machinery, and saw a piece of wood there, the location of which he said he was able to point out on a model of the machinery in court, was asked to point out its location. This was objected to, excluded, and counsel for plaintiff excepted. Evidence was given from which the jury might well infer that the machinery remained in the same condition for a long time after the accident. Another witness, who examined the machinery some four days after the accident, was asked if he did not find a wrench or block of wood under the slack cable device. This was objected to, excluded, and counsel for the plaintiff excepted. It was shown by an expert that if the lever were blocked up with a piece of wood or otherwise, that would

prevent the slack cable device from working, and this was manifest without such testimony. We are of opinion that the exclusion of this evidence was error. It might have accounted for the failure of the slack cable device to work. If the lever were blocked up, the appellant might not have been responsible for the act originally, but that would depend upon who· did it, and his relation to the appellant. At any rate, it was a step in the proof essential to hold the appellant for neglect to properly inspect and keep in repair.

At the request of counsel for the defendant the court held that the appellant could not be held liable for his failure to adopt all the methods of·inspection testified to by the experts, and counsel for the plaintiff duly excepted. The testimony of the experts did not relate to several independent systems of inspection any one of which would be alone sufficient. They differed merely with reference to the sufficiency and thoroughness of the inspection. It could not be said as matter of law that the jury would not be justified in finding that the inspection, to be sufficient under all the circumstances, should have been as complete as required by the testimony of any or all the experts. This was a question which should not have been disposed of as matter of law, but should have been left to the jury. Young v. Stable Co., 96 App. Div. 305, 89 N. Y. Supp. 349; Palmer v. D. & H. Canal Co., 120 N. Y. 170–176, 24 N. E. 302, 17 Am. St. Rep. 629; Stott v. Churchill, 15 Misc. Rep. 80, 36 N. Y. Supp. 476, affirmed in 157 N. Y. 692, 51 N. E. 1094. The jury were properly instructed that the appellant was not liable for any negligence on the part of the elevator insurance company ·or its employés in inspecting the elevator, but they were not specifically instructed that it was the duty of the appellant to inspect it, and that he could not avoid liability on the theory that he had delegated that duty either to an independent contractor or to an employé. The rule is firmly established that the duty of inspection cannot be delegated so as to relieve the master of liability. He is therefore liable for such defects as would have been discovered by a proper inspection.

On the question as to whether the doctrine of res ipsa loquitur is applicable to the case of an employé using a freight elevator which falls without any apparent cause, there is some conflict in the decisions. In such case it is to be borne in mind that in no event could the doctrine be applicable until it is affirmatively shown that the fall was not due to the negligence on the part of the operator or the engineer or fireman, who would ordinarily be co-servants. Moreover, in an action by a servant against his master the law presumes that the master has performed his full duty. Merely showing that such an elevator, while being operated with care, fell, is not sufficient to overcome the presumption that the master has performed his duty, and to cast upon him the burden of explaining the cause of the accident. The court, therefore, properly instructed the jury that the mere happening of this accident would not justify the inference of negligence, and the exception thereto presents no error. So far as the difficulty of making proof of the precise cause of an accident is concerned, it is not greater burden

to a servant to discover such evidence in the case of an elevator than in many other instances where it is well settled that he must make such proof. The ordinary rule is that the servant must show that the machinery or appliance which caused the accident was defective, or out of repair, and that this condition existed for such a length of time that, if the master had performed his duty of inspection, it would have been discovered and remedied. I do not understand the rule of law to be that if a locomotive engineer, for instance, is injured by the spreading of the rails or the breaking of a rail, or even the falling of a bridge, that this itself gives rise to the presumption that the master has not properly performed his duty of properly constructing, inspecting, and repairing. I think that the employé must go further, and give other evidence to establish negligence. Warner v. Erie Ry. Co., 39 N. Y. 468. In the case of Stackpole v. Wray (decided Dec., 1904), 90 N. Y. Supp. 1045, and former decision to same effect, 74 App. Div. 310, 77 N. Y. Supp. 633, this court recently held that the doctrine is not applicable in an action by a servant against his master for an injury sustained by the falling of a freight elevator. The only difference I discover between the facts of that case and this is that there the elevator evidently was used only for carrying freight and those employed in handling the freight; but these facts do not distinguish it in principle. It has been held that the rule of res ipsa loquitur does not apply to the collapse of a derrick or the falling of part of a derrick by which an employé is injured. Dougherty v. Milliken, 163 N. Y. 527, 57 N. E. 757, 79 Am. St. Rep. 608; Welsh v. Cornell, 168 N. Y. 508, 61 N. E. 891. I see no difference in principle between the injury of an employé by the fall of an elevator used in carrying employés above ground and an injury to an employé by the fall of a bucket used to lower and elevate employés several hundred feet under ground, and in the latter case the doctrine has been declared inapplicable. Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537. There are other precedents directly in point, necessarily, if not expressly, holding that the doctrine does not obtain in an action by an employé for injuries caused by the fall of a freight elevator. Moran v. Racine Wagon Co., 74 Hun, 454, 26 N. Y. Supp. 852; Hart v. Naumburg, 123 N. Y. 641, 25 N. E. 385. See, also, Ingram v. Fosburgh, 73 App. Div. 129, 76 N. Y. Supp. 344; Biddiscomb v. Cameron, 35 App. Div. 561, 55 N. Y. Supp. 127, affirmed in 161 N. Y. 637, 57 N. E. 1104; Bucher v. Pryibil, 19 App. Div. 126, 45 N. Y. Supp. 972; Fink v. Slade, 66 App. Div. 105, 72 N. Y. Supp. 821.

We are of opinion, therefore, that a new trial should not have been granted upon the ground assigned in the opinion of the learned trial justice, but it was justified and required by other errors, and the order should be affirmed, with costs to respondent to abide the event.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur. HATCH, J., concurs in result.