### GUILIANO v. F. W. SEAGRIST, JR., CO.

(Supreme Court, Appellate Term. December 12, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action by an employé against his employer for injuries sustained by the fall of a fire escape on which plaintiff put his foot in leaving his work on the third story of a building which was being demolished, evidence examined and *held* to show that the fire escape was not the only way furnished by defendant by which plaintiff could have descended.

2. SAME—RES IPSA LOQUITUR—APPLICATION OF DOCTRINE.

The doctrine of res ipsa loquitur does not apply in an action by an employé against his employer for injuries caused by the fall of a fire escape on which plaintiff put his foot in leaving his work on the third story of a building which was being demolished, where the fire escape was not the only way by which plaintiff could have descended from his work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 881.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Biagio Guiliano against F. W. Seagrist, Jr., Company for personal injuries. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Nadal, Carrere & Jones (Edwin A. Jones and Albert Van Winkle, of counsel), for appellant.

Eugene L. Parodi (James A. Foley, of counsel), for respondent.

GUY, J. Appeal from judgment in favor of plaintiff for $500 for personal injuries, and from denial of motion for new trial.

The plaintiff herein was injured by the fall of a fire escape by which, at the time of the fall, he was about to descend from the third story of a building upon which he was employed by the defendant. The building was one of three five-story brick buildings which were being demolished by the defendant. At 4:30 o'clock p. m. on the day of the accident the plaintiff was sent to the third floor of the middle building to clean brick. He went up by means of the fire escape together with his "boss." He had not worked in this building before, although for

107 N.Y.S.—37

several weeks he had been employed on this job. At 5:50 o'clock plaintiff, with the other workmen, was told to go home. Plaintiff testified that he, together with the foreman and other workmen, then went toward the fire escape, and as he put "his foot on the fire escape it turned and fell."

It appears that the top two stories of the building had been demolished at the time of the accident, and that the brick wall extended some one foot and a half or two feet above the fire escape. This is the only evidence of the situation at the time of the accident. There is no evidence as to what gave way, or how the fire escape was erected or fastened to the building. It is evident that this is not a question of a safe place to work, as plaintiff was not working upon the fire escape, nor was there anything connected with his work which would take him upon the fire escape.

The jury seems to have found that this was the only "way" furnished by the defendant by which plaintiff could have reached and could have descended from the third story. This conclusion appears to be against the weight of evidence, as the record clearly shows that there was a door leading into the adjoining house and a safe stairway in that house. There is no evidence sufficient to justify the conclusion that the defendant was negligent in not showing or directing him to the proper way down, or that he had knowledge of a danger as to which he should have warned the plaintiff.

The doctrine res ipsa loquitur does not apply to a master and servant case of this kind. Starer v. Stern, 100 App. Div. 393, 91 N. Y. Supp. 821; Stackpole v. Wray, 99 App. Div. 262, 90 N. Y. Supp. 1045, affirmed 182 N. Y. 567, 75 N. E. 1134.

The order denying the motion to set aside the verdict and for a new trial is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.