(70 Misc. Rep. 548.)

### COHEN v. FARMERS' LOAN & TRUST CO.

(Supreme Court, Appellate Term.    February 9, 1911.)

1. NEGLIGENCE (§ 121*)—RES IPSA LOQUITUR—EVIDENCE.
    The benefit of the doctrine of res ipsa loquitur is lost as soon as defendant makes a satisfactory explanation which will overcome the inference of negligence created by the mere happening of the accident.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 218, 225; Dec. Dig. § 121.*]

2. CARRIERS (§ 316*)—ELEVATOR PASSENGERS—NEGLIGENCE—EVIDENCE.
    Where, in an action for injuries to an elevator passenger, defendant showed by a mechanician in charge of the elevator his daily inspection thereof and the machinery, and experts showed that they had made inspection at reasonable intervals, with a view to certify to the sufficiency and structural soundness of the elevator, the evidence overcame the in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

127 N.Y.S.—36

ference of negligence of defendant in maintaining unsuitable or defective appliances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1290; Dec. Dig. § 316.*]

3. CARRIERS (§ 315*)—ELEVATOR PASSENGERS—COMPLAINT—EVIDENCE.

In an action for injuries to an elevator passenger, caused by the fall of the elevator because of structural defects or unsuitable appliances, the testimony of witnesses that prior to the accident the elevator had stopped of itself, and that the operator had held the rope in the guide so that the elevator would not go down when passengers left it, and that the operator had requested passengers to hurry, did not support the complaint.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1281, 1282; Dec. Dig. § 315.*]

4. CARRIERS (§ 316*)—ELEVATOR PASSENGERS—ACTIONS—EVIDENCE—RES IPSA LOQUITUR—REBUTTING PRESUMPTION.

Where an elevator passenger, injured by the fall of the elevator, showed facts justifying an inference of defendant's negligence, defendant could show due care, and could also show the cause of the accident, to rebut negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1290; Dec. Dig. § 316.*]

5. CARRIERS (§ 317*)—ELEVATOR PASSENGERS—ACTIONS—EVIDENCE.

In an action for injuries to an elevator passenger, caused by the fall of the elevator, defendant could show by the engineer in charge of the building whether he made an inspection of the elevator appliances immediately after the accident, disclosing the cause of the action of the elevator.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1295–1306; Dec. Dig. § 317.*]

Lehman, J., dissenting in part.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Actions by Harry Cohen, by Abraham Greenberg, by Jacob Greenstein, by Jacob Adler, and by Morris Rosenbaum against the Farmers' Loan & Trust Company. From judgments for plaintiffs, rendered in the Municipal Court of the City of New York, defendant appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Bertrand L. Pettigrew, for appellant.
Laurence J. Bershad, for respondents.

DELANY, J.   These cases were tried together, and, except as to the injuries sustained by the respective plaintiffs, all the evidence applies to the case of each.   The defendant, the owner of a loft building, had operated an elevator therein for conveying passengers and freight to the premises occupied by the several tenants, and on the day of the occurrence alleged to have caused the injuries complained of the plaintiffs were all passengers in the car of the elevator.   The car had risen to the fifth floor, when suddenly it began to descend with increasing velocity until it stopped, as the plaintiffs testify, between the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lower floors, and the car seemingly was wedged in its frame and tilted over to one side.

There is no testimony in the plaintiff's case to show the cause of the occurrence, and undoubtedly the plaintiff relied on the doctrine of res ipsa loquitur to make out a prima facie case. However discordant may seem the opinions of courts as to the conditions which may justify the invoking of this doctrine, there can be no question that all the benefit of it is lost as soon as the defendant makes a satisfactory explanation which will overcome the inference of negligence created by the mere happening of the accident. In the case at bar the defendant showed by a mechanician in charge of both the building and the elevator his daily observation and inspection of the car and its machinery, and supplemented this testimony by that of two experts, who said that at reasonable intervals shown they had made inspections with a view to certifying to the efficiency and structural soundness of the elevator. All this testimony supported the position that the structure and its appliances were suitable for the purpose and not defective. Since the defendant was charged with negligence, it seems to me that this testimony overcomes the inference and requires the plaintiff to adduce evidence sufficient to sustain the charge.

The only testimony produced with this purpose in view was that of two of the plaintiffs, one of whom testified that the elevator "stopped of itself many times before the accident," and another who testified, explaining his meaning:

"When we were to go out from the elevator, the elevator used to go down, and then he [evidently the operator] used to hold the rope in the guide, whatever you call it, so that the elevator shouldn't go down, and he says, 'Step lively!'"

It needs no discussion that this testimony is not sufficient to prove the allegations of negligence on the part of defendant. The complaint should have, therefore, been dismissed.

Apart from these reasons for disagreement with the ruling of the learned court below, there is in the case another ruling which worked substantial prejudice to defendant. Conceding, if one will, that the plaintiff's case raised an inference of defendant's negligence, defendant had a right not only to show its due care in the matter, but, if it chose, the cause of the accident. For aught any one knows, extraneous interference had produced it, thus conclusively settling the question; and when, then, the defendant asked the question of the engineer in charge of the building, "Did you make any examination of the elevator and its appliances after the accident, immediately after the accident?" the question should have been allowed. The exclusion of the question which may have been designed to disclose the cause of the irregular action of the elevator, the defendant excepting, was error. Starer v. Stern, 100 App. Div. 393, 91 N. Y. Supp. 821.

Judgments reversed, and new trial ordered, with costs to appellant to abide the event.

HENDRICK, J. I concur with Mr. Justice DELANY. No objection was made to the testimony of the witnesses who examined the elevator before the accident. I think that testimony shows with rea-

sonable certainty that the inspection was so careful that no defect discoverable by competent inspection was overlooked. If proper objection had been made, undoubtedly some of the testimony relating to inspection would have been excluded. But the testimony is material, and no objection was made to its competency.·

LEHMAN, J. (concurring). I have concurred on the last ground only, and cannot concur on the first ground, for the following reasons:
· The measure of care required by the owner of a building in regard to persons using the elevators upon the owner's implied invitation is "reasonable care in the character of the appliance they provide and in its maintenance and operation." Griffin v. Manice, 166 N. Y. 188, at page 199, 59 N. E. 925, at page 928 (52 L. R. A. 922, 82 Am. St. Rep. 630). The phrase "res ipsa loquitur" is "merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify a jury in inferring negligence as to the cause of the accident." Same case, at page 196 of 166 N. Y., at page 927 of 59 N. E. (52 L. R. A. 922, 82 Am. St. Rep. 630).

The question presented to us is, as stated by Mr. Justice DELANY, whether the explanation provided by the defendant is sufficient to overcome the inference of negligence created by the circumstances attendant upon the accident; that is, has the defendant shown that it has used due care in providing, maintaining, and operating the elevator? The defendant gave little evidence as to the appliance provided or as to its operation. Conceding, however, that the evidence was sufficient to show that the elevator was a proper appliance and · was operated without negligence, it still must rebut the inference that it arose from a defect that should have been discovered by proper inspection. In other words, if the doctrine of res ipsa loquitur has been properly applied, it was fairly inferable that the accident must have occurred from one of three causes, and it is quite immaterial which of these causes actually produced the accident, and, though we concede that the defendant's testimony shows that two of the possible causes of the accident did not exist in the case, it has not rebutted the inference of negligence, but has merely made the inference of negligence more narrow. To rebut this remaining inference the defendant must show that the defect could not be discovered by reasonable inspection. It has shown only that competent men have inspected the elevator and found it safe, but has in no way shown that these competent men were not negligent in their inspection.

The appellant owed it to the respondent "to exercise at least ordinary care and prudence in the care and management of the elevator and the inspection thereof. A personal duty cannot be delegated to another, so as to relieve the person bound to perform the duty from liability for its nonperformance." Stott v. Churchill, 15 Misc. Rep. 80, 36 N. Y. Supp. 476, affirmed 157 N. Y. 692, 51 N. E. 1094. And for this reason it was held in that case that there was "no error in refusing to charge: 'If the jury find that the elevator and its machinery were built by reputable manufacturers, and that the defendants had it regularly inspected by experts in that business, and

promptly executed the repairs and changes suggested by them, they performed their duty, and are not liable for an injury caused by the breaking of machinery.' However correct an exposition of the law this might have been, had the plaintiff been a servant seeking to recover from the master for the negligence of a competent fellow servant, it was inapplicable to the case on trial." Stott v. Churchill, supra.

Since an owner of a building cannot delegate his duty of inspection of an elevator to an expert in that business, the proof that an expert has examined it in no wise rebuts the presumption of negligence raised by the circumstances attendant on the accident. To rebut this presumption he must show either the actual cause of the accident, so that the trial justice or jury can determine whether or not such cause could be discovered by proper inspection, or he must show that the inspection made by the expert was so careful that no defect discoverable by inspection could be overlooked.

The appellant relies upon the case of Young v. Mason Stable Co., 193 N. Y. 188, 86 N. E. 15, 21 L. R. A. (N. S.) 592, 127 Am. St. Rep. 939, where evidence of an examination by an expert was held sufficient to rebut a possible presumption, caused by the fall of a freight elevator operated by a servant who was injured by the fall, that the master had failed in the duty imposed upon him by law "to provide for an adequate inspection thereof." That case, however, proceeded upon the theory that the master, in relation to a servant, was bound only to "provide" adequate inspection, and that this duty was met by putting the inspection in the hands of an expert; but it distinguishes the case from one where the relationship of the parties imposed a personal duty upon the owner to *use* due care in the inspection of the elevator. It cites as authority for the distinction the case of Stott v. Churchill, supra, and we must therefore regard that case as a correct exposition of the law.

I believe, for these reasons, that the judgments should be reversed only on the ground that a question was excluded which, if answered, might have shown the actual cause of the accident.