### HARRIS v. GUGGENHEIM et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

1. CARRIERS (§ 320*) — ELEVATORS — NEGLIGENCE — ACTIONS — QUESTIONS FOR JURY.

   A sudden drop of an elevator car, when a person enters, of from 12 to 15 inches, without action on the part of the operator, may, in connection with surrounding facts, be sufficient evidence of a defect in the mechanism, arising from improper construction or want of repair, to present a question for the jury as to the negligence of the owner.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

2. LANDLORD AND TENANT (§ 169*)—INJURIES TO TENANT'S EMPLOYÉ—ELEVATOR—ACTIONS—QUESTIONS FOR JURY.

   In an action for injuries to an employé of a tenant, caused by the sudden drop of an elevator car when plaintiff pushed a loaded truck onto it, evidence *held* to present a question for the jury whether this was the ordinary use of the elevator, to which the owners consented.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 663–667, 681–684; Dec. Dig. § 169.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. LANDLORD AND TENANT (§ 169*)—INJURY TO TENANT'S EMPLOYÉ—ELEVA-
TOR—EVIDENCE.

    An unexplained drop of an elevator car of from 12 to 15 inches, when
a person enters it with a loaded truck, this being the ordinary use of the
elevator,· is such an unusual occurrence as requires the owner of the
elevator to explain its cause, or that it was without his fault.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
644–646, 663–667, 681–684; Dec. Dig. § 169.*]

4. LANDLORD AND TENANT (§ 169*)—INJURY TO TENANT'S EMPLOYÉ—ELEVA-
TOR—EVIDENCE.

    The claim that it was a mechanical improbability that an elevator car
should drop a distance of from 12 to 15 inches without action by the
operator, and then come to a stationary position as claimed by plaintiff,
was a matter of defense, which did not justify a dismissal of the com-
plaint.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
644–646, 663–667, 681–684; Dec. Dig. § 169.*]

Appeal from Trial Term, Kings County.

Action by Hermon Harris against Isaac Guggenheim and others.
From a judgment dismissing the complaint, plaintiff appeals. Re-
versed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR,
THOMAS, and WOODWARD, JJ.

Martin T. Manton, of Brooklyn (Burt L. Rich, of Brooklyn, on the
brief); for appellant.

James J. Mahoney, of New York City (M. J. Wright, of New York
City, on the brief), for respondents.

BURR, J. [1] Whether or no, when a person enters the car of
an elevator, a sudden drop of from 12 to 15 inches, without action on
the part of the operator, is sufficient circumstantial evidence of a de-
fect in the mechanism, arising from improper construction or want of
repair, to require the submission of the question of defendant's neg-
ligence to a jury (Stackpole v. Wray, 99 App. Div. 262, 90 N. Y. Supp.
1045; Starer v. Stern, 100 App. Div. 393, 91 N. Y. Supp. 821), this
fact, in connection with the surrounding circumstances, may be (Grif-
fen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am.
St. Rep. 630). In this case, where the complaint was dismissed at the
close of plaintiff's case, and where all of the evidence is to be con-
strued most favorably to plaintiff, these additional facts appear:

[2, 3] The complaint alleges, and the answer admits, that defend-
ants were in possession and control of the premises situated at No.
200 Green street, in the borough of Manhattan, and maintained and
operated a freight elevator for the use of the tenants occupying the
building, one of which tenants, the Federal Printing Company, was
plaintiff's employer. On the day in question plaintiff was pushing a
truck, loaded with merchandise, into the car of the elevator, when, as
he claims, it suddenly dropped a distance of from 12 to 15 inches, and
by reason thereof he was thrown down and injured. There is evidence
from which the jury might find that on the day when the accident
happened the elevator which dropped was the only elevator furnished

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by defendants for the use of their tenants in moving merchandise. It appears that the Federal Printing Company was removing from the building, and that the elevator ordinarily used for moving merchandise was then in use for the purpose of removing machinery.

There is evidence that the elevator in question had been previously used for moving merchandise, and it does not appear that the use was extraordinary in its character, or without defendants' consent. The load of merchandise which plaintiff was placing upon the elevator was not unusual in size. On the contrary, it appears that the truck upon which it was being moved was one of the smallest used for that purpose. It is true that plaintiff said he had never placed upon the elevator in question as heavy a load as he did upon this occasion, but there is evidence that nearly, if not quite, as heavy a load had been previously placed thereon by others. It also appeared that there were other passengers on the car of the elevator when plaintiff attempted to enter it, and that on this occasion he entered it, not only with the consent, but at the invitation, of the operator in charge.

There is some evidence that, owing to the construction of the car, and the fact that there was a small space between the platform of the car and the edge of the floor, more than ordinary force was required to push the truck on the car. While the effect of this may have been to cause the truck to strike against the opposite side of the car, by reason of which plaintiff fell—and there is suggestion of this in some of the questions upon his cross-examination—this does not clearly appear. We think that there was enough to go to the jury upon the question whether this was not the ordinary use of a freight elevator, to which defendants consented. If so, an unexplained drop in the car of the elevator of from 12 to 15 inches is such an unusual occurrence, if an elevator is in order and its mechanism sufficient, that it calls upon the defendants to explain how it happened, if it did happen, and that it was without their fault.

[4] It may be argued that it is a mechanical improbability that the car of the elevator should drop a distance of from 12 to 15 inches and then come to a stationary position. This, however, is rather matter of defense than otherwise. The case is a close one, but we think that the question of defendants' negligence should have been submitted to the jury.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.